452 A.2d 797

COMMONWEALTH of Pennsylvania

v.

Lorenzo FRANKLIN, Appellant.

Superior Court of Pennsylvania.

Submitted Feb. 23, 1982.

Filed Nov. 19, 1982.

William F. Ochs, Public Defender, Reading, for appellant.

George C. Yatron, District Attorney, Reading, for Commonwealth, appellee.

Before CAVANAUGH, McEWEN and HOFFMAN, JJ.

CAVANAUGH, Judge:

Appellant, Lorenzo Franklin, following a jury trial was found guilty of burglary,[1] criminal trespass,[2] and criminal

1. 18 Pa.C.S.A. § 3502(a).

2. 18 Pa.C.S.A. § 3503.

conspiracy.[3] The lower court denied post verdict motions and sentenced the appellant to concurrent terms of incarceration of not less than two years nor more than eight years on each conviction, a fine of $250.00 on each conviction and the costs of prosecution on each conviction.

The first question raised on appeal is whether the evidence was sufficient to support appellant's conviction for burglary. Our review of the record leads us to the conclusion that the evidence was sufficient to support his conviction of burglary and, accordingly, the judgment of sentence is affirmed.

When appellant challenges the sufficiency of the evidence supporting his conviction, we must accept as true all the evidence upon which the finder of fact could properly have reached its verdict and give the Commonwealth the benefit of all reasonable inferences arising from the evidence. *Commonwealth v. Gonzales,* 297 Pa.Super. 66, 443 A.2d 301 (1982) citing *Commonwealth v. Madison,* 263 Pa.Super. 206, 397 A.2d 818, 820 (1979). So considered the facts of this case are as follows: On July 29, 1980, at or about 2:55 p.m., Sergeant Charles R. Broad of the Reading Bureau of Police, following a request for an investigation by Gerald Hertz, found three black males in a one-floor showroom-warehouse at 407 N. Front Street in Reading, Pennsylvania. Appellant and one co-defendant, Kevin Scott were found standing in the showroom while co-defendant John Alvarez was up a ladder in the warehouse unscrewing a plate which held up the automatic door opener. (N.T. p. 38).

When Sergeant Broad questioned the three individuals as to their names, addresses, dates of birth and phone numbers, appellant identified himself as Frank Lorenzo and not as Lorenzo Franklin. (N.T. p. 61). When questioned about why they had entered the premises, co-defendant Kevin Scott first stated that they had observed several juveniles enter the building and were concerned for their safety. After being told that the officer found no other individuals in the premises, Mr. Scott stated that they were employed

3. 18 Pa.C.S.A. § 903.

by and given permission by Wayne Knox of Neighborhood Housing Services to be in the premises. Appellant agreed with this explanation by Mr. Scott. Sergeant Broad did not detain the three individuals at that time.

At the time of the incident, the premises, two attached buildings (a warehouse and a showroom) were owned by Hertz Enterprises, Incorporated (Hertz) according to Gerald Hertz, president and sole shareholder of Hertz. Mr. Hertz testified that the premises had been used to store plumbing, heating and industrial related supplies for fifteen years (N.T. p. 18, 19, 25). Mr. Hertz stated on the record that these premises were not vacant and that he did not give appellant permission to enter the premises or remove anything from the premises, (N.T. p. 21) nor were the premises open to the public. Finally, Mr. Hertz testified that though the building had been vandalized to quite an extent, the windows which had been knocked out were boarded up a month prior to the incident. (N.T. p. 33).

Further, James Witchell, the owner of a neighboring business of the premises, watched the premises for Mr. Hertz. Mr. Witchell stated that on a regular basis both he and his employee, Henry Hunsicker, had to either scare off intruders or call the police. Mr. Witchell testified that Sergeant Broad had asked him to accompany him while he inspected the premises on July 29, 1980. At trial, Mr. Witchell identified the appellant as one of the intruders questioned by Sergeant Broad that day. Finally, Mr. Witchell stated that he had not given the appellant permission to enter or to remove anything from the premises, nor were the premises open to the public on July 29, 1980.

Wayne Knox, executive director of Neighborhood Housing Services of Reading, testified that he knew both of the defendants and that neither had been contacted by or in any way associated with Neighborhood Housing Services on July 29, 1980. (N.T. p. 72–73). Mr. Knox conceded that he had spoken to Kevin Scott on a prior occasion about renovating old houses but reiterated that Mr. Scott was not working for Neighborhood Housing Services on that date.

■ Appellant challenges the sufficiency of the evidence to convict him of burglary because he claims that the Commonwealth failed to prove that the appellant entered the premises with the intent to commit a crime. We disagree.

Under the Crimes Code of Pennsylvania, a person is guilty of burglary if he enters a building or occupied structure with the intent to commit a crime therein, unless the premises are at the time open to the public or the person who enters is licensed or privileged to do so. 18 Pa.C.S.A. § 3502(a). In order to prevail at trial, the Commonwealth must prove beyond a reasonable doubt the following three elements: (1) entry of a building or occupied structure by the defendant; (2) with the contemporaneous intent on the part of the defendant of committing a crime therein; (3) at a time when the premises are not opened to the public and the defendant was not then licensed or privileged to enter. *Commonwealth v. Tingle,* 275 Pa.Super. 489, 419 A.2d 6 (1980); *Commonwealth v. Brosko,* 243 Pa.Super. 312, 315, 365 A.2d 867, 868 (1976).

*Commonwealth v. Gonzales, supra,* 297 Pa.Super. at 72, 443 A.2d at 304.

■ At trial, the evidence showed that the appellant, Kevin Scott and John Alvarez entered the building without the permission of either Gerald Hertz (owner) or James Witchell (who watched the premises for Mr. Hertz) at a time when it was not open to the public. Thus, our focus, as appellant agrees, is limited to whether sufficient evidence was adduced at trial to prove beyond a reasonable doubt that appellant intended to commit a crime at the time appellant entered the warehouse.

The Commonwealth may prove its case by circumstantial evidence, and the specific intent to commit a crime necessary to establish the second element of burglary may thus be found in the defendant's words or conduct, or from the attendant circumstances together with all reasonable inferences therefrom. *Commonwealth v. Madison*

[263 Pa.Super. 206, 397 A.2d 818], *supra; Commonwealth v. Nutter,* 256 Pa.Super. 111, 389 A.2d 626 (1978).

*Commonwealth v. Gonzales, supra,* 297 Pa.Superior Ct. at 73, 443 A.2d at 304–305.

▋ Applying these principles to the present case and accepting all of the Commonwealth's evidence as true, we conclude that there was sufficient evidence to support the jury verdict that the appellant was guilty of burglary beyond a reasonable doubt. Neither Mr. Hertz or Mr. Witchell had given appellant permission to enter the premises nor was the premises open to the public. When discovered, appellant and Kevin Scott were holding an automatic door opener in their hands while still inside the showroom. When questioned about what they were doing on the premises, Kevin Scott fabricated two different stories which the appellant agreed with. *See Commonwealth v. Crocker,* 280 Pa. 470, 421 A.2d 818 (1981) (story fabricated in response to police questioning need not be believed—i.e. question of credibility for the trier of fact).

Indeed, we believe that the circumstances in this case taken together give rise to an exceedingly strong inference that appellant entered the building with the intent to commit a theft. *Commonwealth v. Turner,* 290 Pa.Super. 428, 434 A.2d 827 (1981). Accordingly, we hold that there is sufficient evidence to support appellant's conviction for burglary. *Commonwealth v. Gonzales, supra,* (entry of garage not open to public without permission creates inference of intent to commit theft); *Commonwealth v. Madison, supra.*

Appellant also argues that the lower court erred by charging the jury with the elements of theft because (1) appellant had not been formally charged by information with theft; (2) no evidence was presented at trial concerning theft; and (3) neither the defense nor the prosecution requested the theft charge. We disagree.

The criminal information charged appellant as follows: The DISTRICT ATTORNEY of Berks County by this Information charges that on or about the 29th day of July,

1980, LORENZO FRANKLIN aka FRANK LORENZO; FIRST COUNT: the defendant above named, in the County of Berks, did enter, without license or privilege, a certain building or occupied structure, to wit, READING HERTZ SUPPLY, 407 N. FRONT STREET, CITY OF READING, BERKS COUNTY, PA., or separately secured or occupied portion thereof, which said permises were not then open to the public, with intent to commit a crime therein, in violation of Section 3502(a) of the Crimes Code, the Act of December 6, 1972, No. 334.

While appellant recognizes that it is not necessary in a burglary prosecution to specify in the Criminal Information the crime which the accused intended to commit, *Commonwealth v. Madison, supra,* it is incumbent upon the Commonwealth to prove that a defendant intended to commit *a crime* in the building. 18 Pa.C.S.A. § 3502(a). Presently, the Commonwealth sought to prove that appellant intended to commit the crime of theft of the automatic garage door opener that the appellant and Kevin Scott were holding as stated in the criminal complaint. The lower court properly instructed the jury on the crime that the appellant intended to commit to clarify what the Commonwealth had to prove in order to convict the appellant of burglary. *Commonwealth v. Madison, supra.* To not require the Commonwealth to specify which crime the accused in a burglary prosecution intended to commit, yet prohibit a jury instruction on the crime the Commonwealth sought to prove that a defendant intended to commit, would effectively deny the defendant an instruction on one of the elements of burglary —i.e., that appellant intended to commit a theft therein— and would leave a jury to speculate.

Since sufficient evidence was presented concerning theft at trial, the lower court properly instructed the jury concerning theft though not requested by either the Commonwealth or the defense.

Finally, appellant argues that the crimes of burglary and criminal trespass merge and that he can not, therefore, be convicted of both. Criminal trespass is not a lesser

included offense of burglary, *Commonwealth v. Voltz,* 285 Pa.Super. 614, 427 A.2d 1215 (1980) citing *Commonwealth v. Carter,* 482 Pa. 274, 393 A.2d 660 (1978), and thus appellant was properly convicted of both crimes. However, the two crimes do, in this case, merge for sentencing purposes.[4] The following statements of this court in the recent case of *Commonwealth v. Cadogan,* 297 Pa.Super. 405, 443 A.2d 1185, 1186–87 (1982) are relevant here.

"[I]n merger of sentence cases, we focus not only on the similarity of the elements of the crimes but also, and primarily, on the facts proved at trial, for the question is whether those facts show that in practical effect the defendant committed a single criminal act, in which case there will be a merger and only a single sentence may be imposed."[2] *Commonwealth v. Crocker,* 280 Pa. Superior Ct. 470, 475, 421 A.2d 818, 820 (1980) (burglary and criminal trespass). *See Commonwealth v. Walker,* 468 Pa. 323, 362 A.2d 227 (1976) (rape and statutory rape); *Commonwealth v. Eberts,* 282 Pa. Superior Ct. 354, 422 A.2d 1154 (1980) (robbery and reckless endangerment); *Commonwealth v. Lezinsky,* 264 Pa. Superior Ct. 476, 400 A.2d 184 (arson and criminal mischief). Applying these principles, we hold that the lower court erred in imposing separate sentences for burglary and criminal trespass, for in practical effect, appellant participated in but one unlawful entry. Accordingly, we vacate the judgment of sentence for criminal trespass. Because the sentence for the less serious crime of criminal trespass did not influence the sentences for burglary and conspiracy,[3] we need not remand for resentencing. *Commonwealth v. Crocker, supra; Commonwealth v. Eberts, supra.* (Footnotes omitted).

Judgment of sentence for criminal trespass is vacated. Judgments of sentence for burglary and criminal conspiracy are affirmed.

4. Although appellant did not argue merger below, this issue is not waived. *Commonwealth v. Walker,* 468 Pa. 323, 330 n. 3, 362 A.2d 227, 230 n. 3 (1976) (imposing multiple sentences for single criminal act is "beyond the power" of a sentencing court); *Commonwealth v. Crocker,* 280 Pa.Super. 470, 474 n. 2, 421 A.2d 818, 820 n. 2 (1980).