466 A.2d 1071

**COMMONWEALTH of Pennsylvania**

v.

**Samuel BROWN, Appellant.**

Superior Court of Pennsylvania.

Submitted July 26, 1983.

Filed Oct. 7, 1983.

Daniel P. McElhatton, Philadelphia, for appellant.

Jane Cutler Greenspan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before ROWLEY, BECK and MONTEMURO, JJ.

MONTEMURO, Judge:

Appellant, Samual Brown, was arrested on April 30, 1981 and charged with burglary,[1] criminal conspiracy [2] and criminal trespass.[3]  Appellant was tried without a jury before the Honorable Nicholas A. D'Alessandro, Court of Common

1.  18 Pa.C.S.A. § 3502.

2.  18 Pa.C.S.A. § 903.

3.  18 Pa.C.S.A. § 3503.

Pleas, Philadelphia County, and was found guilty on all charges. Appellant was sentenced to two (2) to four (4) years imprisonment for burglary; two (2) to four (4) years imprisonment for criminal conspiracy; and six (6) months to one (1) year for criminal trespass; the sentences to be served concurrently.

On April 30, 1981, one Officer John Stankiewicz of the Philadelphia Police Department observed the appellant and two other men climb through a hole in a fence and approach a warehouse owned by the Zion Non-Profit Charitable Trust. The warehouse was located in the vicinity of 12th and Glenwood Streets in Philadelphia. The men tried to open the warehouse door. Eventually, the appellant and one of the other men forced the door open with their shoulders. All three men entered the warehouse. From the outside of the building, Officer Stankiewicz and his partner watched the three men for a few minutes rummaging through goods which were stored inside. After approximately five minutes, the police officers entered the warehouse. The three men immediately ran. One ran out of the building and the appellant and one other remained inside. Following a canine search of the warehouse, the appellant and one of the other men were apprehended by the police.

On appeal it is argued (1) that trial counsel was ineffective for failing to object when the trial court sentenced appellant on the charges of burglary and criminal trespass when both charges stemmed from the same criminal act; and (2) that the evidence was insufficient to support the burglary conviction and that counsel was ineffective in failing to raise this issue in post-trial motions.

■ The standard of review for each of these arguments is the same. In determining whether counsel was ineffective, our first inquiry is whether the underlying claim which counsel failed to raise is of arguable merit, *Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977), and if so, whether there was some reasonable basis for counsel's action designed to effectuate his client's interests. *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967).

The appellant claims, and the Commonwealth concedes, that counsel was ineffective in failing to object to appellant's sentence for the crime of criminal trespass. We agree with the appellant on the basis of our decision in *Commonwealth v. Franklin*, 306 Pa.Super. 422, 452 A.2d 797 (1982), in which we held that although criminal trespass is not a lesser included offense of burglary, the two crimes merge for purposes of sentencing when both crimes stem from the same act.

In the instant case, the charges of criminal trespass and burglary arose from the single unlawful entry into the warehouse. Consequently, these crimes merge and the trial court erred in imposing separate sentences for each crime. Appellant's counsel could have had no reasonable basis for failing to object to this illegal sentence and, in this respect, counsel was ineffective.

Accordingly, we vacate the judgment of sentence for criminal trespass. Because the sentence for the less serious crime of criminal trespass did not influence the sentences for burglary and criminal conspiracy we need not remand for sentencing. *Commonwealth v. Franklin, supra*, 306 Pa.Superior Ct. at 430, 452 A.2d at 801, quoting *Commonwealth v. Cadogan*, 297 Pa.Super. 405, 407–409, 443 A.2d 1185, 1186–87 (1982).

Appellant's next argument is that counsel was ineffective in failing to file and argue post-trial motions challenging the sufficiency of evidence for his burglary conviction.

Burglary is defined as follows at 18 Pa.C.S.A. § 3502(a): Offense defined. —A person is guilty of burglary if he enters a building or occupied structure, or separately secured or occupied portion thereof, with intent to commit a crime therein, unless the premises are at the time open to the public or the actor is licensed or privileged to enter.

In determining the sufficiency of evidence, the test is:

Whether, accepting as true all of the evidence of the Commonwealth and all reasonable inferences arising

therefrom, upon which, if believed, a finder of fact could properly have based its verdict, such evidence was sufficient in law to prove the elements of the crime in question beyond a reasonable doubt.

*Commonwealth v. Segers,* 460 Pa. 149, 157, 331 A.2d 462, 466 (1975). Furthermore, this standard is equally applicable to cases where the evidence is circumstantial rather than direct so long as the combination of evidence links the accused to the crime beyond a reasonable doubt. *Commonwealth v. Sullivan,* 472 Pa. 129, 371 A.2d 468 (1977). Moreover, trial counsel cannot be deemed ineffective for failing to raise sufficiency of evidence motions where evidence was clearly sufficient to support the conviction. *Commonwealth v. Young,* 280 Pa.Super. 393, 421 A.2d 779 (1980).

■ Following a review of the record, we are satisfied that the Commonwealth produced a sufficient amount of evidence to prove the appellant's guilt beyond a reasonable doubt. Consequently, we do not find that counsel was ineffective for failing to file post-trial motions in this matter.

Judgment of sentence for criminal trespass is vacated. Judgments of sentence for burglary and criminal conspiracy are affirmed.