476 A.2d 466

**COMMONWEALTH of Pennsylvania**

v.

**Carmelo VAZQUEZ, Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 3, 1984.

Filed May 25, 1984.

88

William F. Ochs, Jr., Public Defender, Reading, for appellant.

Charles M. Guthrie, Jr., Assistant District Attorney, Reading, for Commonwealth, appellee.

Before CIRILLO, BECK and JOHNSON, JJ.

JOHNSON, Judge:

Following a jury trial, defendant-appellant was found guilty of burglary [1] and criminal trespass.[2] He was subsequently fined and sentenced to a period of not less than one year nor more than four years on the former count, and

1. 18 Pa.C.S. § 3502(a).

2. Id. § 3503(a)(1).

fined and sentenced to not less than six months nor more than twenty-four months for the latter count. Appellant then promptly brought an appeal to this court.

Appellant raises three issues on review. First, that the evidence was not sufficient to warrant a conviction on the charge of burglary. Second, that the evidence was not sufficient to warrant a conviction on the charge of criminal trespass. Third, that the trial court erred in defining theft in its charge to the jury.

In considering appellant's first two contentions, this court must view the evidence in the light most favorable to the Commonwealth, as verdict winner. *Commonwealth v. Martin*, 481 Pa. 515, 393 A.2d 23 (1978). We must also accept as true all evidence and reasonable inferences upon which, if believed, the jury could have properly based its verdict, and determine whether such evidence and inferences are sufficient in law to prove guilt beyond a reasonable doubt. *Commonwealth v. Stockard*, 489 Pa. 209, 413 A.2d 1088 (1980); *Commonwealth v. Biggs*, 320 Pa.Super. 265, 467 A.2d 31 (1983).

The opinion issued by the Honorable Thomas J. Eshelman completely and satisfactorily reports the facts as follows:

"[S]ometime during the early evening hours of August 11, 1981, the defendant appeared at the apartment of Jeff Foster, located at 208 North Tenth Street, Reading, Berks County, Pennsylvania. Upon his arrival, the defendant was confronted by Lisa Horn, who was then the only occupant of the apartment. Defendant questioned Miss Horn on the whereabouts of Mr. Foster and was told that the individual was out for the evening. The defendant then departed. Shortly thereafter, Miss Horn also left the apartment, locking the door behind her, and returned to her residence at 206 North Tenth Street.

The testimony also discloses that approximately twenty minutes after the foregoing incident, Miss Horn heard Mr. Foster's dog barking. She returned to the premises and asked who was inside. Upon such inquiry, a voice from within the locked apartment, which was recognized

as that of the defendant, answered, "Carmelo." Without further query, Miss Horn went back to her residence.

Some forty-five minutes later Miss Horn observed the bedroom and kitchen lights in the Foster apartment go out and returned once more to the scene. After gaining entrance with her key, she noticed several cardboard boxes in the bedroom and kitchen, as well as on the living room floor in front of a stereo system. In addition, one of the closets appeared in a state of disarray. Miss Horn subsequently telephoned Mr. Foster and requested that he immediately return. Prior to his arrival however, the defendant appeared for a brief period and retrieved the cardboard boxes. A later inspection of the apartment by Mr. Foster disclosed that the television set, video recorder and certain stereo components were disconnected. The police were notified and the defendant was thereafter arrested on the basis of information provided by Mr. Foster and Miss Horn."

▮▮▮▮ Utilizing the appropriate standard, in a light most favorable to the Commonwealth as verdict winner, the evidence is clearly sufficient to sustain the convictions as to the charges of burglary and criminal trespass.[3] The appellant denies the allegations and renders a completely different version as to the course of events. However, passing

---

3. The following sections define the crimes of burglary and criminal trespass:

§ 3502. **Burglary**

(a) **Offense defined.**—A person is guilty of burglary if he enters a building or occupied structure, or separately secured or occupied portion thereof, with intent to commit a crime therein, unless the premises are at the time open to the public or the actor is licensed or privileged to enter.

§ 3503. **Criminal Trespass**

(a) **Buildings and occupied structures.—**

(1) A person commits an offense if, knowing that he is not licensed or privileged to do so, he:

(i) enters, gains entry by subterfuge or surreptitiously remains in any building or occupied or separately secured or occupied portion thereof; or

(ii) breaks into any building or occupied structure or separately secured or occupied portion thereof.....

(3) As used in this subsection:

upon the credibility of witnesses and the appropriate weight to be accorded the evidence produced at trial is within the sole province of the trier of fact. *Commonwealth v. Sample*, 321 Pa.Super. 457, 468 A.2d 799 (1983); *Commonwealth v. Fortune*, 305 Pa.Super. 441, 451 A.2d 729 (1982). It is clear that the jury chose to believe the version presented by the Commonwealth. The evidence, thus taken as a whole, is sufficient to sustain the convictions as to the charges of burglary and criminal trespass.

■ Although the appellant has not raised the issue of merger on appeal, illegality of sentence is not waivable and can be raised by an appellate court *sua sponte*. *Commonwealth v. Walker*, 468 Pa. 323, 330 n. 3, 362 A.2d 227, 230 n. 3 (1976); *Commonwealth v. Smith*, 499 Pa.Super. 507, 454 A.2d 1 (1982).

■ In the instant case the act of criminal trespass arose out of the same incident as did the act of burglary. When a person makes but one unlawful entry, he may not be sentenced for both burglary and criminal trespass. *Commonwealth v. Casella*, 312 Pa.Super. 375, 458 A.2d 1007 (1983); *Commonwealth v. Kinnon*, 308 Pa.Super. 28, 453 A.2d 1051 (1982); *Commonwealth v. Cadogan*, 297 Pa.Super. 405, 443 A.2d 1185 (1982); *Commonwealth v. Crocker*, 280 Pa.Super. 470, 421 A.2d 818 (1980). In *Crocker, supra*, 280 Pa.Superior Ct. at 475, 421 A.2d at 820, this court noted that:

"[I]n merger of sentences cases, we focus not only on the similarity of the elements of the crimes but also, and primarily, on the facts proved at trial, for the question is whether those facts show that in practical effect the defendant committed a single criminal act, in which case there will be merger and only a single sentence may be imposed, or more than a single act, in which case there will be no merger and a sentence may be imposed for each act." (Citations omitted).

"Breaks into." To gain entry by force, breaking, intimidation, unauthorized opening of locks, or through an opening not designed for human access.
18 Pa.C.S. §§ 3502, 3503.

■ The case at bar, when utilizing this principle, falls into the former category of but one criminal act. The appellant unlawfully entered the Foster apartment only one time according to the evidence produced at trial. Thus, he can only be sentenced for the crime of burglary, and not for criminal trespass.

■ Where a correction of sentence is needed, this court has the option of amending the sentence directly or remanding to the lower court for resentencing. *Commonwealth v. Simpson*, 316 Pa.Super. 127, 462 A.2d 821 (1983); *Commonwealth v. Turner*, 290 Pa.Super. 428, 434 A.2d 827 (1981); *Commonwealth v. Eberts*, 282 Pa.Super. 354, 422 A.2d 1154 (1980). Since the sentences in this instance are to run concurrently, we need not remand for resentencing. Instead this court merely vacates appellant's sentence for criminal trespass.

■ Finally, the appellant contends that the trial court erroneously charged and instructed the jury as to the charge of theft, since the crime of theft was neither included nor mentioned in the criminal information filed against him. It is not necessary in a prosecution for burglary for the criminal information to specify the crime which the accused intended to commit. *Commonwealth v. Franklin*, 306 Pa.Super. 422, 452 A.2d 797 (1982); *Commonwealth v. Lewis*, 276 Pa.Super. 451, 419 A.2d 544 (1980). However, it *is* necessary for the Commonwealth to prove at trial that the defendant did in fact intend to commit a crime in the building. 18 Pa.C.S. § 3502(a).[4] The Commonwealth's position, subsequently adopted by the jury, was that the appellant intended to commit the crime of theft after entering the Foster apartment.

The lower court correctly instructed the jury on the crime appellant intended to commit, namely theft. This serves to

---

**4.** In the applicable section, burglary is defined as follows in pertinent part:

"A person is guilty of burglary if he enters a building or occupied structure, or separately secured or occupied portion thereof, *with intent to commit a crime therein* ..." (Emphasis added).

clarify to the jurors what the Commonwealth had to prove in order to gain a conviction as to the charge of burglary. *Commonwealth v. Franklin, supra.*

To prohibit a jury instruction as to the crime an appellant allegedly intended to commit would essentially be to deny the appellant an instruction on one of the critical elements of burglary. Since the Commonwealth is required to prove that an accused intended to commit a crime after entering a building or occupied structure, 18 Pa.C.S. § 3502(a), it naturally follows that there should be no prohibition as to giving a jury instruction on the underlying crime if it is requested by counsel or in the alternative felt necessary by the trial judge. Otherwise, the jury could be left to speculate and possibly could not reach an adequate conclusion as to the charge of burglary. *See Commonwealth v. Franklin,* 306 Pa.Super. at 429, 452 A.2d at 800 (1982).

■ There was sufficient evidence, albeit circumstantial, presented at trial concerning the attempted theft. Thus the lower court properly charged the jury as to the crime of theft.

As to the charge of criminal trespass, the judgment of sentence is vacated. However, the judgment of sentence as to burglary is affirmed.