486 A.2d 441

**COMMONWEALTH of Pennsylvania**

v.

**Alan A. BROWN, Appellant.**

Superior Court of Pennsylvania.

Submitted Aug. 17, 1984.

Filed Dec. 14, 1984.

Reargument Denied Jan. 28, 1985.

630

Irene H. Cotton, Philadelphia, for appellant.

Jane C. Greenspan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before WICKERSHAM, BROSKY and TAMILIA, JJ.

TAMILIA, Judge:

Appellant was arrested on June 23, 1980 and subsequently charged with attempted burglary, criminal conspiracy, possessing an instrument of crime and prohibited offensive weapons. On November 20 and 24, 1980, appellant, represented by a public defender, was tried along with co-defendant, Theodore Skalski, before the Honorable Judith J. Jamison, sitting without a jury. On November 24, 1980, appellant was found guilty of attempted burglary [1], criminal conspiracy [2] and possessing a prohibited offensive weapon [3] for his participation in a scheme to burglarize a house. No post-verdict motions were filed and on April 2, 1981, Judge Jamison imposed concurrent sentences of eighteen months to ten years for the attempted burglary conviction and eighteen months to five years for the conspiracy conviction. Sentence was suspended on the remaining conviction of possessing a prohibited offensive weapon. Appellant thereafter filed a pro se petition for reconsideration of sentence which was denied.

While represented by new counsel, appellant filed an appeal from the judgment of sentence. However, on May 26, 1982, this Court remanded the matter to the lower court without prejudice to appellant's right to raise issues in appropriate post-conviction proceedings. On August 12, 1982, appellant filed a petition under the Post-Conviction Hearing Act (hereinafter PCHA) [4] and subsequently, on January 6, 1983, a hearing was held before the Honorable Edward J. Blake. On January 17, 1984, the PCHA court denied appellant's petition and the instant appeal followed.

1. 18 Pa.C.S.A. § 901.
2. 18 Pa.C.S.A. § 903.
3. 18 Pa.C.S.A. § 908.
4. 42 Pa.C.S.A. § 9541 *et seq.,* formerly 19 P.S. § 1180–1 *et seq.*

Appellant first argues that he was denied a fair trial when, during the jury trial waiver colloquy, the trial judge asked appellant if he was a drug addict. In the course of the colloquy, the trial judge asked the appellant:

Q. Are you addicted to drugs or alcohol?

A. Not right now I am not. I had a drug problem at one time.

Q. Have you had any drugs or alcohol or any intoxicants within the past twelve hours?

A. No, Your Honor.

(N.T. 6). Appellant contends that this exchange denied him the right to be tried by an impartial judge since it established a motive for the attempted burglary and implied the existence of a prior criminal record. We disagree with appellant's claim and deny it for the following reasons.

First, appellant's answer does not indicate that he was addicted to drugs at the time of the incident in question. Our review of the record leads us to conclude that the trial judge asked the above question in an attempt to guarantee that the appellant was of a sound and competent mind during the jury trial waiver colloquy. Contrary to appellant's contentions, the answer at issue was elicited to ensure the fairness of the proceedings and reflected the trial judge's concern that the appellant be capable of making a valid jury waiver.[5] Moreover, even assuming that the above question was prejudicial, the degree of prejudice was insufficient to merit relief. We point out that appellant was tried before the court without a jury and trial judges, sitting as fact finders, are presumed to ignore prejudicial evidence. *Commonwealth v. Davis*, 491 Pa. 363, 421 A.2d 179 (1980); *Commonwealth v. Moody*, 295 Pa.Super. 106, 115 n. 1, 441 A.2d 371, 375 n. 1 (1982). Furthermore, in light of the overwhelming evidence of guilt, we fail to see how appellant's answer to the above question would have contributed to the verdict. *Commonwealth v. Thornton*,

---

5. It should be noted that a defendant could deny taking drugs within a twelve hour period and still be incapable of making a valid jury trial waiver due to the pain and trauma of withdrawal from drug addiction.

494 Pa. 260, 431 A.2d 248 (1981). As this claim has no merit, trial counsel cannot be deemed ineffective for failing to preserve it. *Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977). Finally, under the recent United States Supreme Court decision in *Strickland v. Washington*, 466 U.S. ——, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (cited favorably by this Court in *Commonwealth v. Garvin*, 335 Pa.Super. 560, 485 A.2d 36 (1984); also cited favorably and quoted extensively in *Commonwealth v. Litzenberger*, 333 Pa.Super. 471, 482 A.2d 968 (1984)), not only possible prejudice, but prejudice such as would undermine the integrity of the verdict must be clearly demonstrated. Here, the appellant has failed to establish the necessary degree of prejudice to satisfy this requirement.

Appellant next contends that there was insufficient evidence to convict him of attempted burglary. The trial evidence, viewed in a light most favorable to the Commonwealth as verdict winner, established the following. On June 23, 1980, at approximately 9:00 p.m., members of the Philadelphia Police Department were conducting a surveillance of appellant, co-defendant Skalski and Marlene Papa as they sat in a car parked in a store lot. The police witnessed Skalski go to the front door of an unlit house and knock on the door for about five minutes. Skalski returned to the car and the appellant went to the back of the house. A detective stationed near the rear of the house saw appellant break the glass in the back door and kick and bang on the door. About ten minutes later, appellant returned to the car, talked to Skalski, removed a shiny object from the trunk and returned to the back of the house. About ten minutes later, appellant again returned to the car. Appellant and Skalski then pulled out of the lot, drove away briefly, and then came back to the lot. For the third time, appellant went to the rear of the house for another ten or fifteen minutes and then returned to the car. Immediately thereafter, the police arrived and placed all of the occupants of the car under arrest. The officers found a bent screwdriver and hammer in the car, and, while searching appellant,

discovered a nine inch switchblade in his pocket. The detective who examined the rear of the house testified that he found glass from the door on the pavement and that the doorknob and a strip of molding from the side door were also on the ground. Additionally, there were pry marks in the wood next to the door locks. Appellant stipulated to the owner's testimony that the door was intact when she left in the morning and that no one had permission to enter her house.

The test for determining the sufficiency of the evidence in a criminal case is whether, viewing all of the evidence admitted at trial in a light most favorable to the Commonwealth, and drawing all proper inferences therefrom, there is sufficient evidence to enable the trier of fact to find every element of the crime beyond a reasonable doubt. *Commonwealth v. Tribble*, 502 Pa. 619, 467 A.2d 1130 (1983). Moreover, any element of the crime may be established wholly by circumstantial evidence, *Commonwealth v. Joyner*, 489 Pa. 502, 414 A.2d 1003 (1980), and issues of credibility are left to the trier of fact for resolution. *Commonwealth v. Farquharson*, 467 Pa. 50, 354 A.2d 545 (1976).

So viewed, we find that the testimony of the four police officers who were present at the scene of the crime and the stipulated testimony of the homeowner provided sufficient evidence to sustain appellant's conviction for attempted burglary. *See, e.g., Commonwealth v. Lewis*, 319 Pa.Super. 33, 465 A.2d 1038 (1983). Here, appellant's repeated trips to the unoccupied house, his banging and kicking the back door and breaking its glass, and his possession of a hammer and bent screwdriver, taken together with the physical evidence (i.e., the pry marks on the door and the broken doorknob), clearly provide sufficient evidence to establish the crime of attempted burglary. Additionally, trial counsel cannot be deemed ineffective for failing to raise sufficiency of the evidence motions where the claim has no merit. *Commonwealth v. Brown*, 320 Pa.Super. 80, 466 A.2d 1071 (1983).

■ Appellant's final claim for relief is that he was improperly sentenced for more than one inchoate crime under Section 906 of the Crimes Code which provides:

### Section 906. Multiple Convictions Barred

A person may not be convicted of more than one offense defined by this chapter for conduct designed to commit or to culminate in the commission of the same crime.

18 Pa.C.S.A. § 906. As this statute bars multiple convictions for inchoate offenses, we find that the sentences imposed on the attempted burglary and conspiracy convictions must merge under existing law as both offenses were the result of "conduct designed to commit or to culminate in the commission of the same crime." 18 Pa.C.S.A. § 906. *See Commonwealth v. Martinez*, 293 Pa.Super. 260, 438 A.2d 984 (1981). Consequently, we vacate the sentence on the conspiracy conviction.[6]

■ Regarding the sentence imposed on the prohibited offensive weapon conviction, our review of the record indicates that appellant's possession of a switchblade was not designed to commit or to culminate in the commission of a burglary since the burglary tools were discovered separately in the car (N.T. 90–93). Moreover, mere possession of a prohibited offensive weapon is sufficient to sustain a conviction without any proof of an intent to employ such item criminally. *Commonwealth v. Gatto*, 236 Pa.Super. 92, 344 A.2d 566 (1975). Furthermore, in *Commonwealth v. Zappacosta*, 265 Pa.Super. 71, 401 A.2d 805 (1979), this Court held that Section 906 was intended to apply only to the offenses of conspiracy, solicitation and attempt. Thus, Section 906 does not bar appellant's multiple convictions for attempted burglary and possessing a prohibited offensive weapon.

6. Since the trial judge imposed concurrent sentences on these crimes of the same degree, we conclude that a remand for resentencing is not necessary as it would not result in a change in the sentence. *See Commonwealth v. Watts*, 319 Pa.Super. 137, 465 A.2d 1267 (1983.)

Accordingly, the judgment of sentence for conspiracy is vacated. Judgments of sentence for attempted burglary and possessing a prohibited offensive weapon are affirmed. The Order denying appellant's petition for post-conviction relief is affirmed.