489 A.2d 887

**In the Interest of MARK C., a Minor.**

**Appeal of MARK C.**

Superior Court of Pennsylvania.

Submitted Jan. 17, 1985.

Filed March 8, 1985.

152

Robert G. Schwartz, Philadelphia, for appellant.

Before OLSZEWSKI, DEL SOLE and JOHNSON, JJ.

OLSZEWSKI, Judge:

This appeal follows adjudication of delinquency on charges of attempted burglary, attempted criminal trespass and criminal conspiracy. Appellant challenges the sufficiency of the evidence supporting his adjudication on those charges. After reviewing the record, we conclude there existed sufficient evidence to sustain appellant's conviction on any one of those charges. Conviction for all three, however, will not stand.

The afternoon of Sunday, May 8, 1983, appellant and another boy attempted to break into a store. They abandoned their effort after appellant hurled a cobblestone through a 6″ by 8″ window. Three charges, attempted burglary, attempted criminal trespass and conspiracy, arose from that single attempted entry. Conviction of more than

one offense defined by Chapter Nine of the Crimes Code for conduct designed to commit or culminate in the commission of the same crime is illegal.[1] 18 Pa.C.S. § 906. Conspiracy to commit a crime is an inchoate offense within the meaning of § 906; so too is the attempted crime. *See* 18 Pa.C.S. §§ 903 and 901. It is unclear from the record whether burglary or criminal trespass formed the object of the conspiracy. Section 905 dictates that the conspiracy be graded the same as the most serious offense, here the burglary, which is an object of the conspiracy. 18 Pa.C.S. § 905(a).

 Given the lower court's error in convicting appellant both of conspiracy to commit burglary and attempted burglary, we have the option either to remand for resentencing or to amend the sentence directly. *Commonwealth v. Gonzales*, 297 Pa.Super. 66, 443 A.2d 301 (1982). In the interest of judicial economy, we choose the latter and vacate appellant's adjudication of delinquency for conspiracy.[2]

 Two charges, attempted burglary and attempted criminal trespass, remain. The ultimate offenses, burglary and criminal trespass, are not gradations of the same offense. *Commonwealth v. Simpson*, 316 Pa.Super. 115, 462 A.2d 821 (1983) (criminal trespass is not a lesser-included offense of burglary since one of the elements of trespass, knowledge by defendant that he was not privileged to enter, is not an element of burglary). Where the crimes of burglary and criminal trespass arise from the same single unlawful entry, however, the offenses do merge for the purposes of sentencing. *Commonwealth v. Brown*, 320 Pa.Super. 80, 466 A.2d 1071 (1981). The reasoning extends, by analogy, to 'the attempted crimes. Accordingly, we vacate the term of probation imposed following appellant's

1. Appellant's failure to raise these issues below does not bar our consideration thereof. *Commonwealth v. Franklin*, 306 Pa.Super. 422, 452 A.2d 797 (1982).

2. Our decision today reflects an awareness of the long-term effects of an adjudication of delinquency. *See* 42 Pa.C.S. § 6354.

adjudication of delinquency on the charge of attempted criminal trespass.

Order modified in accordance with this opinion.

Order as modified affirmed.