J-S33036-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CALVIN WILSON | |
| Appellant | No. 2136 EDA 2014 |

Appeal from the Judgment of Sentence June 19, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0010812-2013

BEFORE:  FORD ELLIOTT, P.J.E., DONOHUE, J., and LAZARUS, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED JULY 07, 2015**

Calvin Wilson appeals from his judgment of sentence, imposed in the Court of Common Pleas of Philadelphia County, following his convictions for burglary[1] (F-2), criminal trespass[2] and criminal mischief.[3]  Wilson was

---

[1] **See** 18 Pa.C.S. § 3502(a)(4).  Pursuant to section 3502(a)(4):

> A person commits the offense of burglary if, with the intent to commit a crime therein, the person . . . enters a building or occupied structure, or separately secured or occupied portion thereof that is not adapted for overnight accommodations in which at the time of the offense no person is present.

The owner of the premises, Mr. Phillip Yannella, testified that at the time of the break in, the property was unfurnished, was in the process of being converted for overnight accommodations, and did not have electricity.  N.T. Non-Jury Trial, 4/17/2014, at 7.

[2] **See** 18 Pa.C.S. § 3503(a)(1).

sentenced to four to ten years' incarceration for burglary, followed by one year of probation for criminal mischief.[4]  On appeal, Wilson challenges the sufficiency of the evidence[5] to support his burglary conviction and the discretionary aspects of his sentence.  After careful review, we affirm.

The burglary in question occurred on July 7, 2013.  The property owner, Phillip Yannella, arrived at his residence, located at 1113 Lakeside Avenue in Philadelphia, and was unable to enter the premises because  the three entrances had been blocked from the inside.  N.T. Non-Jury Trial 4/17/14, at 7-8.  Yannella testified that he had been at the property working on construction the day prior to the incident and nothing had been disturbed.  When he could not enter the premises on July 7, he called the police.  When the police arrived, Officer Andy Yun climbed through a broken first-floor window and announced himself as a police officer multiple times, but received no response.  *Id.* at 17-18.  Officer Yun then saw Wilson

*(Footnote Continued)* _____

[3]  *See* 18 Pa.C.S. § 3504(a)(5).

[4]  No further penalty was imposed on the trespass charge.

[5]  In reviewing a challenge to the sufficiency of the evidence, we must determine whether, viewing the evidence in the light most favorable to the Commonwealth as verdict winner, together with all reasonable inferences therefrom, the trier of fact could have found that each and every element of the crimes charged was established beyond a reasonable doubt. *Commonwealth v. Randall*, 758 A.2d 669, 674 (Pa. Super. 2000).

crouching down and hiding inside of a first-floor bedroom closet.[6]  ***Id.*** at 18-19.  Wilson was then placed in custody.  ***Id.*** at 19.

While in the premises, Officer Yun also discovered that one of the kitchen cabinet doors was wedged between the front door and the staircase. He noticed damage to the first-floor window and kitchen cabinets.  ***Id.*** at 19-20.  Yannella also testified that the tile floor had been broken, the sliding glass door and three kitchen cabinet doors had been removed, a screwdriver was jammed into the garage door track, personal property was removed from the closets, and a blue crack pipe was found within the premises.  ***Id.*** He also observed that a pair of jeans and a roll of paper towels had been used to make a makeshift bed.  ***Id.*** at 9-10.  Yannella acknowledged, however, that nothing had been removed from the house, although Wilson was still inside when the police arrived.  ***Id.***  at 14.

Wilson first asserts that the evidence presented by the Commonwealth was insufficient to support his burglary conviction because the Commonwealth did not prove that, at the time he entered the property, he had the intent to commit a crime.

---

[6]  Wilson testified at his sentencing hearing that he was on probation at the time of the incident, and the reason that he broke into the property was because he was hiding from the police on an outstanding arrest warrant. N.T. Sentencing Hearing, 6/19/14, at 9.

In Pennsylvania, a person commits burglary, a second-degree- felony, when:

> [I] f, with the intent to commit a crime therein, [he] enters a building or occupied structure, or separately secured or occupied portion thereof that is not adapted for overnight accommodations in which at the time of the offense no person is present.

18 Pa.C.S. § 3502(a)(4). Our Supreme Court has held that the crime of burglary requires the specific intent to commit a crime; however, this specific intent element relates to whether the accused entered the premises with the general criminal intent to commit any crime. **Commonwealth v. Alston**, 651 A.2d 1092, 1095 (Pa. 1994); **see In re Golden**, 365 A.2d 157 (Pa. Super. 1976) (entry, even with intent to commit summary offense inside dwelling, is burglary). Further, the Commonwealth need not prove the underlying crime to sustain a burglary conviction. **See Commonwealth v. Lease**, 703 A.2d 506 (Pa. Super. 1997).

The Commonwealth may prove a defendant guilty of burglary by circumstantial evidence, and "the specific intent to commit a crime necessary to establish the second element of burglary may thus be found in the defendant's words or conduct, or from the attendant circumstances together with all reasonable inferences therefrom." **Commonwealth v. Franklin**, 452 A.2d 797, 799 (Pa. Super. 1982) (citations omitted); **Commonwealth v. Hardick**, 380 A.2d 1235, 1237 (Pa. 1977)

(Commonwealth is not required to prove intent directly; it may be inferred from circumstances surrounding incident out of which charges arise).

Evidence of a forced entry into a structure does not *per se* give rise to a sufficient inference of an intent to commit a crime therein. **Commonwealth v. Wilamowski**, 633 A.2d 141 (Pa. Super. 1993). The prosecution must establish more than a mere break-in to meet its burden. **Commonwealth v. Freeman**, 313 A.2d 770 (Pa. Super. 1973). It has long been the law that mere presence at the scene is insufficient to support a conviction for burglary*.* **Commonwealth v. Roscioli**, 309 A.2d 396 (Pa. 1973).

Here, Wilson intentionally entered the premises surreptitiously by breaking a window, having seen the occupants leave for the day. While Wilson concedes he had no right to be on the property, he contends he was only on the premises to hide from the police and sleep, not to commit a crime. However, once inside, Wilson destroyed the interior of the premises and removed the owner's belongings from the closets. He barricaded himself in the home by blockading all the entrances. Moreover, while on the premises Yannella found a blue crack pipe, which the trial court inferred belonged to Wilson.[7] Wilson's attempt to hide in a closet and his failure to

_____

[7] Wilson denied that the crack pipe was his and that he does not use drugs, despite a prior conviction for drug usage as well as a pre-sentence report from 2010 indicating a history of cocaine addiction, and a 1993 pre-sentence
*(Footnote Continued Next Page)*

respond to Officer Yun's multiple requests to make his presence known are additional indicia of guilt.

Viewing the evidence in the light most favorable to the Commonwealth as verdict winner, we conclude that there was sufficient evidence presented to prove, beyond a reasonable doubt, that Wilson intended to commit a crime when he entered the premises. *Randall*, *supra*. As such, we find no merit to this claim.

In his second issue on appeal, Wilson raises a discretionary aspect of sentence claim, contending he is entitled to be resentenced because the trial court's sentence is unreasonable, excessive, and his prior record was "double counted" against him. Wilson also claims that the trial court failed to consider his rehabilitative needs when fashioning its sentence.

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. *Commonwealth v. Johnson*, 666 A.2d 691, 693 (Pa. Super. 1995) (quoting *Commonwealth v. Dotter*, 589 A.2d 726 (Pa. Super. 1991)).

> A four-pronged analysis is required before the Pennsylvania Superior Court will review the merits of a challenge to the discretionary aspects of a sentence. Those prongs are: (1) whether the appellant has filed a timely notice of appeal, Pa.R.A.P. 902 and 903; (2) whether the issue was properly

*(Footnote Continued)* —————————

report indicating an extensive $200-a-day cocaine habit. Trial Court Opinion, 12/16/14, at 6.

preserved at sentencing or in a motion to consider and modify sentence, Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b).

*Commonwealth v. Hyland*, 875 A.2d 1175, 1183 (Pa. Super. 2005). An appellant raises a substantial question when he shows that the sentencing court's actions were inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process. Pa.R.A.P. 2119(f); *Commonwealth v. Ferguson*, 893 A.2d 735 (Pa. Super. 2006).

Instantly, Wilson has complied with the four prongs outlined in *Hyland*. He has filed a timely notice of appeal, filed a motion for reconsideration of sentence, included a Rule 2119(f) statement in his appellate brief, and also raised substantial questions to invoke our appellate review. *See Commonwealth v. Hanson,* 856 A.2d 1257 (Pa. Super. 2004) (claim that sentencing court imposed unreasonable sentence by sentencing outside guidelines presents substantial question); *Commonwealth v. Boyer,* 856 A.2d 151 (Pa. Super. 2003), *aff'd,* 891 A.2d 1265 (Pa. 2006) (substantial claim raised where the trial court imposed a manifestly excessive sentence and focused solely on the serious nature of the crimes [defendant] committed); *Commonwealth v. Goggins,* 748 A.2d 731 (Pa. Super. 2000) (en banc*)* (substantial question raised by claim that prior record was double-counted); and *Commonwealth v. Dodge* 77 A.3d 1273 (Pa. Super. 2013) (substantial question raised by claiming sentencing court

disregarded rehabilitative needs and nature of offense). Accordingly, we will address the merits of Wilson's claims.

Here, Wilson was sentenced to four to ten years' imprisonment for second-degree burglary, followed by one year of probation for criminal mischief. At the sentencing hearing, the parties agreed that Wilson's prior record score (PRS) was properly classified as a repeat felony offender ("RFEL") with an offense gravity score (OGS) of five. N.T. Trial, 6/19/14, at 3. A standard-range sentence for his offense (with a PRS of RFEL and an OGS of 5) is twenty-four to thirty-six months' incarceration, plus or minus three months for aggravating or mitigating circumstances. **See** 204. Pa. Code § 303.16 (Basic Sentencing Matrix). The trial court chose to sentence Wilson above the aggravated range, to a four to ten year term of imprisonment. The statutory maximum sentence for a second-degree felony is ten years. 18 Pa.C.S. § 1103(2). Therefore, while Wilson's sentence was outside of the Sentencing Guidelines, it did not exceed the statutory limit.

A sentencing judge may deviate from the Guidelines, so long as he states on the record the factual basis and specific reasons which compelled him to deviate from the guideline range. **Commonwealth v. Johnson**, 666 A.2d 690 (Pa. Super. 1995); 42 Pa.C.S. § 9721(b). Moreover, when a court deviates from the Guidelines, it must indicate that it understands the suggested sentencing range. **Commonwealth v. Rodda**, 723 A.2d 212 (Pa. Super. 1999). Finally, our Supreme Court has held that where the trial court possesses a pre-sentence report, it is presumed that the court is aware

of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed. ***Commonwealth v. Devers***, 546 A.2d 12 (Pa. 1988).

After trial, Wilson's attorney requested a pre-sentence investigation (PSI) report. The court considered the PSI prior to sentencing Wilson, specifically noting that Wilson had an extensive criminal history, which involved primarily crimes of a similar nature. The record also reveals that the court considered Wilson's own statements made at sentencing and took into account the need to protect the public from any future criminal behavior. In his Pa.R.A.P. 1925(a) opinion, the trial judge provided the following reasons for Wilson's sentence:

> This defendant has not learned to live in our society, and our society needs to be protected from the likes of Mr. Wilson. This defendant has had numerous chances at rehabilitation and all have failed. At sentencing, defendant lacked any remorse. He has been convicted twenty-two times. The defendant believed that he was justified in breaking into someone else's property because the police had a warrant for him and he needed to hide. To make such a statement shows that this defendant does still not understand what is required of him to live in our society. Mr. Wilson's lack of candor, both with the court and the presentence investigator, shows that he has not changed his ways. He has shown no remorse, and in fact hasn't acknowledged his wrong doing at all . . . [H]is entire criminal record was considered and it is deplorable . . . Not only was the sentence imposed fair and just under the circumstances, Mr. Wilson is lucky that he only received four to ten years['] incarceration.

Trial Court Opinion, 12/16/14, at 7-8.

Accordingly, we find that the trial court imposed a reasonable sentence in light of Wilson's extensive criminal history, as well as taking in to account

the sentencing factors outlined in the Sentencing Code.  ***See*** 42 Pa.C.S. § 9721(b) (court shall follow general principle that sentence imposed should call for confinement that is consistent with protection of public, gravity of offense as it relates to impact on life of victim and on community, and rehabilitative needs of appellant; court shall also consider applicable sentencing guidelines).  Based upon the record, we can discern no abuse of the trial court's discretion in sentencing Wilson to four to ten years' imprisonment.  ***Commonwealth v. Walls***, 926 A.2d 957 (Pa. 2007).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/7/2015