J-S25008-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| --- | --- |
| Appellee | |
| v. | |
| DEVON R. WEAVER | |
| Appellant | No. 999 MDA 2018 |

Appeal from the Judgment of Sentence Entered February 28, 2018
In the Court of Common Pleas of Berks County
Criminal Division at No: CP-06-CR-0005776-2017

BEFORE:  STABILE, MURRAY, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED JUNE 25, 2019**

Appellant, Devon R. Weaver, appeals *pro se*[1] from the February 28, 2018 judgment of sentence imposing an aggregate 32 months to 7 years of incarceration for one count each of burglary and criminal trespass.[2]  Also pending before this Court is an application for relief in which Appellant requests permission to proceed *in forma pauperis* because he cannot afford to

---

[1] Appellant also proceeded *pro se* at trial.  On three separate occasions, the trial court confirmed that Appellant understood his right to counsel and entered a knowing, intelligent, and voluntary waiver pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1988).  Waiver forms were docketed on January 29, 2018, February 28, 2018, and April 16, 2018.  We also observe that criminal trespass is not a lesser-included offense of burglary. **Commonwealth v. Harrison**, 663 A.2d 238, 240 (Pa. Super. 1995), **appeal denied**, 674 A.2d 1067 (Pa. 1996).

[2] 18 Pa.C.S.A. §§ 3502 and 3503, respectively.

print the requisite number of briefs. We affirm the judgment of sentence and deny the application as moot.

The trial court recited the pertinent facts in its Pa.R.A.P. 1925(a) opinion.:

> In October 2016, tenants were evicted from an apartment building in Reading, PA. Once the eviction occurred, the management company had a 'No Trespassing' sign placed on the door and the locks were changed. In November 2017, the managers of the apartment building found that the apartment, which had been unoccupied for at least six weeks, had an occupant. When the apartment managers saw him, they asked him to leave and he did. They noticed that a window had been broken, so they boarded it up. A week later, the managers went back to that same apartment and saw the same unauthorized occupant, [Appellant]. It appeared to the managers at that time that [Appellant] had been using the kitchen, the electricity, and the heating in the apartment. The door to the apartment was locked when the managers arrived, but on inspection of the apartment, they noticed that the boarding that was over the broken window had been removed. The managers called the police who arrived a few minutes later. [Appellant] was then detained by the police.

Trial Court Opinion, 1/14/19, at 2 (pagination ours).

On February 28, 2018, at the conclusion of a two-day trial, a jury found Appellant guilty of the aforementioned offenses. The trial court imposed sentence immediately following trial. Appellant filed a timely post-sentence motion on March 8, 2018. The trial court denied relief on May 29, 2018. This timely appeal followed.

Appellant asks us to consider the following assertions of error:

> 1. Whether the Commonwealth established sufficiency of the evidence […] to sustain the verdict of guilty [burglary and criminal trespass]?

- 2 -

2. Whether the trial court erred and abused its discretion and committed reversible error pursuant to Pennsylvania Rule of Criminal Procedure 564, by allowing the Commonwealth to argue uncharged crimes to the jury?

3. Whether the Commonwealth erred and abused its discretion by withholding exculpatory evidence from the defense, favorable to [Appellant's] actual innocence?

4. Whether the Commonwealth erred and abused its discretion and committed reversible error by allowing perjured testimony to be presented to the jury?

Appellant's Brief at Statement of Questions Involved.[3]

We review a challenge to the sufficiency of the evidence as follows:

When evaluating a sufficiency claim, our standard is whether, viewing all the evidence and reasonable inferences in the light most favorable to the Commonwealth, the factfinder reasonably could have determined that each element of the crime was established beyond a reasonable doubt. This Court considers all the evidence admitted, without regard to any claim that some of the evidence was wrongly allowed. We do not weigh the evidence or make credibility determinations. Moreover, any doubts concerning a defendant's guilt were to be resolved by the factfinder unless the evidence was so weak and inconclusive that no probability of fact could be drawn from that evidence.

***Commonwealth v. Kane***, 10 A.3d 327, 332 (Pa. Super. 2010).

Appellant was convicted of burglary pursuant to § 3503(a)(2) of the Crimes Code, which provdes:

**(a) Offense defined.--**A person commits the offense of burglary if, with the intent to commit a crime therein, the person:

[…]

---

[3] Appellant's brief is not paginated until the argument section, which begins with page one.

(2) enters a building or occupied structure, or separately secured or occupied portion thereof that is adapted for overnight accommodations in which at the time of the offense no person is present[.]

18 Pa.C.S.A. § 3502(a)(2).

Likewise, he was convicted of criminal trespass pursuant to § 3503(a)(1)(ii), which provides:

**(a) Buildings and occupied structures.**—

(1) A person commits an offense if, knowing that he is not licensed or privileged to do so, he:

[…]

(ii) breaks into any building or occupied structure or separately secured or occupied portion thereof.

18 Pa.C.S.A. § 3503(a)(1)(ii).

Appellant argues the evidence was insufficient because Commonwealth witness, Eric Dinh, the manager of the apartment complex, is the only person who saw Appellant inside the apartment. Appellant argues that Dinh's testimony is hearsay, and that Appellant's conviction cannot stand solely on hearsay from one witness. Appellant's Brief at 3. Appellant cites **Commonwealth ex. rel. Buchanan v. Verbonitz**, 581 A.2d 172 (Pa. 1990), in which our Supreme Court held that a police officer's hearsay testimony was insufficient to make out a *prima facie* case against the defendant at a preliminary hearing. **Verbonitz** is not on point, inasmuch as that case involved a preliminary hearing. Moreover, Appellant fails to explain why Dinh's testimony is hearsay. Hearsay is an out-of-court statement offered in

court to prove the truth of the matter asserted. Pa.R.E. 801. Dinh's account of finding Appellant in the apartment is not hearsay. Appellant does not claim that Dinh recounted the statement of a non-testifying declarant. Thus, this argument fails.

Appellant also claims his conviction was based upon nothing other than his mere presence at the scene, but this claim is inaccurate. As the trial court recounted, Appellant was found inside an apartment, where he had no lawful right to be, on two occasions. A window was broken on the first occasion, and the boarding over the broken window was removed on the second occasion. The record indicates that Appellant used hot water, electricity, and gas for which he did not pay. This evidence plainly establishes much more than Appellant's mere presence. Appellant's argument lacks merit.

In his second argument, Appellant appears to claim the trial court erred in permitting the Commonwealth to discuss uncharged offenses in its closing argument to the jury. Appellant's Brief at 7-10. Confusingly, Appellant also argues that the trial court erred in permitting the Commonwealth to amend the criminal information. Appellant does not address any charge added to the information, nor does he explain why the amendment was improper under Pa.R.Crim.P. 564.[4] Rather, Appellant appears to believe that the

---

[4] Rule 564 of the Pennsylvania Rules of Criminal Procedure governs amendment of an information:

Commonwealth should not have been permitted to discuss Appellant's unlawful use of electricity, hot water, and gas for cooking without charging Appellant with theft of services.[5]

Appellant's argument is unfounded. The burglary statute requires the Commonwealth to prove a defendant entered a building with an intent to commit a crime therein. A defendant's intent to commit a crime is sufficient; the Commonwealth need not charge the intended crime or prove the defendant committed it. ***See Commonwealth v. Franklin***, 452 A.2d 797, 800 (Pa. Super. 1982) (noting it is not necessary for an information to specify the crime a burglary defendant intended to commit). To convict Appellant of burglary, the Commonwealth needed to prove that he entered the apartment with intent to commit a crime. Appellant has articulated no legal basis upon

---

The court may allow an information to be amended, provided that the information as amended does not charge offenses arising from a different set of events and that the amended charges are not so materially different from the original charge that the defendant would be unfairly prejudiced. Upon amendment, the court may grant such postponement of trial or other relief as is necessary in the interests of justice.

Pa.R.Crim.P. 564.

[5] Theft of services occurs where a person "intentionally obtains services for himself or for another which he knows are available only for compensation, by deception [….]" Appellant does not argue that his use of water, gas, and electricity, after breaking into an apartment, is insufficient to demonstrate his intent to commit theft of services. 18 Pa.C.S.A. § 3926(a)(1).

which Commonwealth should have been precluded from establishing Appellant's intent to commit theft of services.

Next, Appellant argues the Commonwealth improperly withheld exculpatory evidence. He claims the apartment's evicted former tenant broke the apartment window during a domestic dispute for which the former tenant was arrested. Appellant omitted this issue from his Rule 1925(b) statement,[6] and therefore he has waived it. Pa.R.A.P. 1925(b)(4)(vii). In any event, the issue is meritless. The circumstances of the former tenant's crime, if it occurred, are not of record in this matter. Further, the record indicates that the window was intact upon the former tenant's eviction. Finally, even if the former tenant returned and broke the window, the fact remains that Appellant removed the boarding from the broken window to enter the apartment a second time.

Appellant's final argument is that his conviction is based on perjured testimony. Appellant does not develop this argument with citation to pertinent authority and citation to the record, and therefore he has waived it. Pa.R.A.P. 2119(b), (c); **Commonwealth v. Janda**, 14 A.3d 147, 164 (Pa. Super.

---

[6] The trial court issued an opinion on September 5, 2018, recommending that this appeal be dismissed for Appellant's failure to file a Pa.R.A.P. 1925(b) statement. On October 1, 2018, this Court issued an order directing the trial court to ensure that transcripts were produced, made a part of the record, and provided to Appellant in accord with an earlier trial court order. Appellant filed a concise statement after he received the transcripts. The trial court's January 14, 2019 opinion addresses the issues Appellant raised in his concise statement. We have done likewise.

2011). Regardless, Appellant apparently bases this argument upon testimony indicating that Appellant broke the apartment window, whereas Appellant asserts that the former tenant broke the window and was prosecuted for it. Thus, Appellant believes Commonwealth witnesses either lied or offered testimony the Commonwealth knew to be inaccurate. Appellant's argument, even if preserved, would be unavailing because it depends on facts not of record and because the facts of record support an inference that Appellant removed boarding from the broken window to gain entry to the apartment.

For all of the foregoing reasons, we find no merit to any of Appellant's assertions of error.

Judgment of sentence affirmed. Application for relief denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/25/2019