405 A.2d 1300

**COMMONWEALTH of Pennsylvania**

v.

**Walter KULL.**

Superior Court of Pennsylvania.

Submitted May 8, 1979.

Decided June 13, 1979.

56

Thomas L. McGill, Jr., Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, Chief, Appeals Division, for Commonwealth, appellee.

Before HOFFMAN, EAGEN and HESS, JJ.*

PER CURIAM:

Appellant, Walter Kull, has appealed his non-jury convictions for murder of the third degree, carrying a firearm without a license and possession of an instrument of crime. He alleges insufficiency of the evidence to support the convictions and illegality of two separate sentences on the weapons offenses.

On October 17, 1976, Kull's daughter and girl friends were sitting on Kull's front porch when they were joined by five young men. In response to a loud conversation between Kull and his wife from inside the house, one of the group, Tom Hoffman, shouted obscene words as they were leaving. Kull went outside and shouted that he would shoot anyone who returned. He dressed, took a loaded .22 caliber pistol and sought out Hoffman at the corner where a group of young people had gathered. He pointed the gun at Hoffman's stomach and warned him to stay away from his house. Hoffman apologized and backed away. The victim, William

* Chief Justice Michael J. Eagen of the Supreme Court of Pennsylvania and Judge Warren K. Hess of the Court of Common Pleas of Berks County, Pennsylvania, are sitting by designation.

Gessner, intervened and told Kull to put the gun down. Kull pointed the gun at Gessner's head. Gessner said, "If you're going to shoot me, blow my brains out." The gun was approximately one foot from Gessner's head when Kull fired twice. One bullet hit Gessner in the head, causing his death. Two police officers who came upon the scene testified that they heard Kull say, "I'll shoot you again" as he crouched above the victim. Kull maintains the shooting was accidental and he intended only to warn Gessner, who came at him in a taunting manner.

The evidence might well have supported a finding of murder of the first degree and an intentional killing. Appellant, in our opinion, was fortunate. When he pointed the gun at a vital part of the victim's body and pulled the trigger, the inference of malice was a permissible finding. *Commonwealth v. O'Searo*, 466 Pa. 224, 352 A.2d 30 (1976). It is true that had the fact finder accepted appellant's version, malice would have been absent. The trial judge was free to disbelieve all or part of Kull's testimony. *Commonwealth v. Long*, 467 Pa. 98, 354 A.2d 569 (1976). We are completely satisfied that the evidence supports the verdict of murder of the third degree.

Appellant questions his conviction under both 18 Pa. C.S.A. § 907(a) (possession of instrument of crime) and 18 Pa.C.S.A. § 6106 (firearm without license). As we read appellant's brief, he does not dispute the conviction for carrying a firearm without a license. He contends that no crime was committed under 18 Pa.C.S.A. § 907(a). *Commonwealth v. McNear*, 238 Pa.Super. 177, 353 A.2d 39 (1975), rules otherwise.

His final argument challenges sentences on both weapons offenses, contending only one act was committed. No objection was made to the imposition of sentence, the issue was not raised in post-verdict motions and both sentences are within statutory limits. In our opinion the issue is waived. *Commonwealth v. Tisdale*, 233 Pa.Super. 77, 334 A.2d 722 (1975). *See also Commonwealth v. Rispo*, 222 Pa.Super. 309, 294 A.2d 792 (1972).

 Regardless of waiver, we find no merit in the contention. Two convictions growing out of the same transaction do not merge for purposes of sentence unless one crime necessarily involves the other. Sections 6106 and 907(a), *supra*, both require possession of the firearm but Section 6106 requires the license and 907(a) does not require that important essential additional element but does require intent to employ the instrument criminally. *See Commonwealth v. Olsen*, 247 Pa.Super. 513, 372 A.2d 1207 (1977).

Judgments of sentence affirmed.