456 A.2d 637

**COMMONWEALTH of Pennsylvania**

v.

**Edwin WILCOX, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 3, 1982.

Filed Feb. 11, 1983.

332

Catherine M. Harper, Philadelphia, for appellant.

Michael Clarke, Assistant District Attorney, for Commonwealth, appellee.

Before ROWLEY, HOFFMAN and VAN der VOORT, JJ.

VAN der VOORT, Judge:

Appellant was convicted on December 3, 1980, of receiving stolen property, unauthorized use of an automobile (18 Pa.C.S. §§ 3925, 3928), and possession of a controlled substance (35 P.S. § 780–113(a)(16). He was sentenced to concurrent terms of imprisonment of from one to three years on the charges of receiving stolen property and possession of a controlled substance. Sentence was suspended on the charge of unauthorized use of an automobile.

Appellant appeals the judgment of sentence on all three counts, contending that the evidence of the Commonwealth was not sufficient to establish his guilt, and that business records were improperly admitted to establish ownership of the stolen vehicle.

Two police officers and an official of the Hertz Corporation testified for the Commonwealth. The first officer testified that on July 12, 1980, he attempted to stop a vehicle, driven by Appellant, in the area of 33rd Street and Columbia Avenue, Philadelphia. When the police vehicle put on its siren and overhead lights, the vehicle driven by Appellant turned onto a side street and accelerated. The police gave chase. After approximately one mile, the vehicle stopped, Appellant jumped out and fled on foot. The officer chased Appellant for two blocks before he caught him. Appellant, at the time of his arrest, dropped a set of keys suitable for operating General Motors and Ford cars.

The second officer testified that he responded to a radio call for help from the other officer and, within a minute or two of the call, reached the vehicle which Appellant had abandoned and guarded it until the first officer returned. When he arrived, he found the front door open on the driver's side of the car and the engine running. He turned off the engine and, in the process, observed on the driver's seat a cellophane cigarette packet containing what has been stipulated to be four packets of methamphetamine and one packet of cocaine and reducing sugar, controlled substances (schedule 2 of 35 P.S. § 780–104). The package was uncrushed, as it would have been had it been sat upon by Appellant while driving the car.

The prosecution also presented the testimony of an Assistant Custodian of Records of the Hertz Corporation, who identified corporate records as ones kept in the ordinary course of business, which established that the vehicle was owned by the Hertz Corporation and had been leased on July 5, 1980, to one Steven Heppner, at the Newark Airport. The expiration date of the lease was July 9, 1980, three days prior to Appellant's arrest. The witness also identified

records showing that the car had been leased on the credit of an American Express card, which was subsequently reported on July 6 to have been stolen. The witness had not personally prepared any of the records nor was he personally acquainted with the officials who had prepared them or had them in custody. But, he testified that they had been prepared in the regular course of business.

Appellant testified in his own defense that in the early morning hours of July 12, he had attended a party, had been drinking, and later left the gathering with two other people, a man of his acquaintance known to him as Al and a woman companion of Al's, known to Appellant only as Kay. He and his companions proceeded in the woman's car to the 30th Street Station where a vehicle belonging to Appellant's male companion was parked. Upon reaching the station, Appellant was asked by Kay to drive her car back to the party, so that Al and his companion might drive back to the party in Al's car.

Appellant was given the keys to the car and told that the owner's card was in the glove compartment. He took the car and was apprehended by the police a few minutes later. He testified that he fled from the police because he was on parole and did not want to be arrested for drunken driving, and also because he was afraid the police were going to shoot him.

■ The trial Judge, sitting without a jury, did not believe Appellant's explanation of either his possession of the car or the controlled substance. The credibility of witnesses is for the factfinder. He may believe all, part, or none of witnesses' testimony. Judging the credibility of a witness is the exclusive province of the trier of fact and will not be disturbed, absent an abuse of discretion. *Commonwealth v. Myrick*, 468 Pa. 155, 163, 360 A.2d 598 (1976); *Commonwealth v. Farquharson* 467 Pa. 50, 59, 354 A.2d 545 (1976); *Commonwealth v. Darush*, 256 Pa.Super 344, 351, 389 A.2d 1156 (1978).

■ We therefore disregard Appellant's explanations as lacking in credibility and review the testimony of the Commonwealth to determine whether its evidence was sufficient to establish Appellant's guilt. The test is whether the Commonwealth's evidence and all reasonable inferences to be drawn from it establish Appellant's guilt beyond a reasonable doubt. *Commonwealth v. Flythe*, 273 Pa.Super.Ct. 248, 251, 417 A.2d 633 (1979). Appellant's guilt may be established wholly or in part by circumstantial evidence. *Commonwealth v. Murray*, 246 Pa.Super.Ct. 422, 427–8, 371 A.2d 910 (1977); *Commonwealth v. Lloyd*, 239 Pa.Super.Ct. 273, 277, 361 A.2d 430 (1976).

■ Appellant's conviction on the charge of receiving stolen property must be supported by evidence that the car was stolen, that Appellant was in possession of the car, and that he knew, or had reasonable cause to know, that the car had been stolen. *Commonwealth v. Davis*, 444 Pa. 11, 15, 280 A.2d 119 (1971).

Evidence that the car was stolen is found in the testimony that Hertz Corporation had title to the car, had leased it to an unidentified party named Steven Heppner on the credit of an American Express card, which had been stolen from the owner, and that the lease had expired three days before the police had recovered the car in Appellant's possession. Appellant was not an employee of Hertz, and neither he, nor anyone else, had that company's permission to be driving the car after the expiration of the rental contract.

■ Appellant contends that the Hertz records were inadmissible because it was not shown which Hertz employee had knowledge of the facts or made the record entries and since it was not shown that the entries were made contemporaneously with the circumstances they recorded.

These contentions are without substance. The testimony of the Hertz witness was to the effect that the lease agreement for the car was prepared on July 5, 1980, the day the car was leased, and this is corroborated by a stamped date on the right-hand corner of the document. He testified

that the lease was a contract entered into in the ordinary course of business by Hertz.

It is not required that the person who prepared the lease agreement for Hertz be identified or that the witness have any personal knowledge of the preparation of this particular rental agreement. In re *Estate of Indyk,* 488 Pa. 567, 571–2, 413 A.2d 371 (1979); *Fauceglia v. Harry,* 409 Pa. 155, 158–60, 185 A.2d 598 (1962). A proper foundation was laid for the admission of the Hertz rental agreement under the requirements of the *Uniform Business Records As Evidence Act,* 42 Pa.C.S. § 6108.

■ It was established by the testimony of the arresting officer that Appellant was in exclusive possession of the car when apprehended. Evidence to establish that Appellant knew or had reasonable cause to know that the car had been stolen is necessarily circumstantial in view of his denial of such knowledge. The circumstances that confirm that conclusion include the fact that Appellant had neither a driver's license nor any proof of his ownership of the car in his possession, other than the Hertz lease agreement with Steven Heppner, which was found in the glove compartment of the car. When Appellant realized he was being followed by the police, he fled the car, and then Appellant dropped a key ring containing a collection of keys to Ford and General Motors cars. Both Appellant's flight and his collection of car keys are supportive of Appellant's knowledge that the car was stolen. Appellant's claim that he was asked to drive the car by a girlfriend of an acquaintance of his was not corroborated by the testimony of either the acquaintance or the girlfriend, from which circumstance it is a reasonable inference that they could not confirm his story. We find the Commonwealth's evidence sufficient to sustain the conviction and sentence on the charge of receiving stolen property.

■ Appellant has also been convicted and given a suspended sentence on the charge of unauthorized use of an automobile. Appellant's unauthorized use of the automo-

bile was also the basis on which he was convicted of receiving stolen property. The lesser crime of unauthorized use was necessarily an integral part of the more serious crime of receiving stolen property, and the two should have been merged for sentencing purposes and only one sentence imposed. *Commonwealth v. Brown*, 290 Pa.Super.Ct. 448, 453, 434 A.2d 838 (1981); *Commonwealth v. Turner*, 265 Pa.Super.Ct. 486, 490, 402 A.2d 542 (1979). Even though the sentence on the lesser charge of unauthorized use was suspended, it had the potential for future prejudice to Appellant and should be vacated. *Commonwealth v. Richardson*, 232 Pa.Super.Ct. 123, 127, 334 A.2d 700 (1975).

■ The Commonwealth's evidence adequately supports Appellant's conviction and sentence on the charge of possession of a controlled substance. Appellant was in exclusive possession of the automobile when he encountered the police. The controlled substance was found in a cigarette case on the driver's seat by the officer who took control of the car while the first officer was chasing Appellant. The fact that it was uncrushed, although found on the driver's seat, leads to the reasonable inference that it was put there by Appellant as he fled the car, either inadvertantly in his haste to escape or intentionally so that it would not be found on his person if he were unsuccessful in his flight. The fact that the car was momentarily unattended during Appellant's flight from the scene does not create a reasonable doubt as to whether the packet had been left on the seat by Appellant. The hour was 5 o'clock in the morning and the interval was not more than a minute or two. Appellant's flight from the officer is another circumstance supporting the conclusion that he had knowledge of the controlled substance or that the car was stolen or both. The evidence fully sustains the trial Court's conclusion that Appellant was knowingly in possession of a controlled substance.

The judgment of sentence on the charges of receiving stolen property and possession of a controlled substance is

affirmed, and the suspended sentence on the charge of unauthorized use of an automobile is vacated.