463 A.2d 1121

**COMMONWEALTH of Pennsylvania**

**v.**

**Charles ROBINSON, Appellant.**

Superior Court of Pennsylvania.

Submitted May 12, 1983.

Filed July 22, 1983.

136

Elaine DeMasse, Assistant Public Defender, Philadelphia, for appellant.

Jane Cutler Greenspan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before WICKERSHAM, WATKINS and MONTGOMERY, JJ.

WATKINS, Judge:

This is an appeal from the judgment of sentence of the Court of Common Pleas of Philadelphia County by the defendant-appellant, Charles Robinson, after conviction, non jury, of unauthorized use of an automobile and theft by receiving stolen property. Post-trial motions were denied and he was sentenced to a term of imprisonment for a period of two to five (2 to 5) years on the theft charge and one to three (1 to 3) years on the unauthorized use charge to run concurrently with the theft charge.

On appeal the defendant raises two questions: (1) that the court below erred by sentencing him on the unauthorized use charge to a term of one to three years; and (2) that as a matter of law the two offenses merge and the court erred in sentencing him on the two charges.

The facts are as follows: The evidence produced at trial established that on December 17, 1980, at approximately 7:45 p.m., two policemen saw defendant drive a car through a red light. The policemen checked the license plate number through police headquarters and learned that the car was reported stolen. They then arrested defendant as he was leaving the automobile. The car had been reported stolen approximately eighteen (18) hours earlier. At trial defendant claims that he had told the two policemen he was test-driving the car to check its brakes after fixing them at a garage in which he worked. Defendant was impeached, however, with proof that he had given a statement to the detective who booked him in which he confessed to having stolen the automobile.

The test of whether one criminal offense merges with another is whether one crime necessarily involves the other, that is whether all the essential elements of one are included in the other. *Commonwealth v. Everett*, 290 Pa.Superior Ct. 344, 349, 434 A.2d 785, 787–88 (1981).

138

■ Here the defendant committed the crime of receiving stolen goods when he received the automobile, knowing it to be stolen, and with no intent to return it to the rightful owner. 18 Pa.C.S.A. 3925. The second crime was committed when he drove the car, knowing it to be stolen, without the consent of the owner. 18 Pa.C.S.A. 3928. *Commonwealth v. Kull*, 267 Pa.Superior Ct. 55, 405 A.2d 1300 (1979); *Commonwealth v. Randall*, 287 Pa.Superior Ct. 479, 484, 430 A.2d 991, 994 (1981). The crimes do not merge because they involve different acts and involve different mental elements.

■ As the court below said: "Proof of guilty knowledge is essential to establishing the material elements of these crimes. *Commonwealth v. Ceasar*, 245 Pa.Super. 157, 369 A.2d 341 (1976). While there is seldom direct evidence of guilty knowledge, that element may be inferred when the underlying circumstantial evidence is sufficiently strong. Some factors to consider for proof of guilty knowledge include whether possession of stolen property is unexplained, whether the property was recently stolen and whether the accused's conduct at the time of arrest is indicative of guilty knowledge. *Commonwealth v. Williams*, 284 Pa.Super. 244, 425 A.2d 795 (1981)."

Here the defendant offered different explanations for his possession of the automobile to the arresting officer and to the detectives "that he knew the car did not belong to him and that he decided to take it anyway". The car was stolen that very day and he was walking away from the vehicle when he was arrested.

■ It is apparent that the sentence of one to three years imprisonment on defendant's conviction for unauthorized use of an automobile was improper in that it exceeds the maximum sentence permitted by law for this offense. Unauthorized use of an automobile is defined as a second degree misdemeanor, 18 Pa.C.S.A. 3928(a), for which the maximum penalty is imprisonment for a term of two (2)

years, 18 Pa.C.S.A. 1104(2). This is conceded by the Commonwealth.

Judgment of sentence on the theft by receiving stolen goods charge is affirmed; and the sentence for unauthorized use of an automobile being improper, we remand the case to the court below for resentencing. Jurisdiction is relinquished.