505 A.2d 262

**COMMONWEALTH of Pennsylvania**

v.

**Charles CAMPBELL, Appellant.**

Superior Court of Pennsylvania.

Argued April 24, 1985.

Filed Jan. 31, 1986.

Jules Epstein, Assistant Public Defender, Philadelphia, for appellant.

Ann C. Lebowitz, Assistant District Attorney, Philadelphia, for Com., appellee.

Before SPAETH, President Judge, and CAVANAUGH, BROSKY, ROWLEY, WIEAND, McEWEN, DEL SOLE, BECK and TAMILIA, JJ.

## OPINION ANNOUNCING JUDGMENT
## OF THE COURT

ROWLEY, Judge:

This appeal, from the Judgments of Sentence imposed on appellant, is before the Court *en banc* to consider (1) whether a criminal defendant's claim that his convictions merge for sentencing purposes is waived by failing to raise the issue in the trial court, and (2) if not, whether appellant's conviction for unauthorized use of an automobile merges into his conviction for theft.

Following a non-jury trial, appellant was found guilty of theft by unlawful taking or disposition,[1] theft by receiving stolen property [2] and unauthorized use of an automobile.[3] Post-verdict motions were filed and denied. On May 10, 1982, appellant was sentenced to 11½ to 23 months imprisonment on the conviction for unauthorized use and five years probation on the convictions for theft.[4] The sentences were to be served concurrently. This direct appeal followed. The sole issue raised is whether appellant's con-

1. 18 Pa.Cons.Stat. § 3921.
2. 18 Pa.Cons.Stat. § 3925.
3. 18 Pa.Cons.Stat. § 3928.
4. Appellant was charged at bill No. 2079 with theft by unlawful taking or disposition and receiving stolen property, and at bill No. 2080 with unauthorized use of an automobile. Appellant's sentence for theft and receiving was recorded on bill No. 2079 and his sentence for unauthorized use was recorded on bill No. 2080. By imposing one general sentence on bill No. 2079, the trial court effectively merged the two offenses for sentencing purposes. Both theft and receiving are ranked as third degree felonies, 18 Pa.Cons.Stat. § 3903(a).

viction for unauthorized use merges into the convictions for theft.[5]

## I.

Appellant first argues that his failure to raise the merger issue in the trial court did not waive the issue for appellate consideration since he is challenging the legality of his sentences, not the lawfulness of the convictions, and, appellant asserts, an illegal sentence can never be waived. While acknowledging a split of authority in this Court, the Commonwealth argues that appellant has waived his merger claim because he did not raise it in the trial court either at sentencing or in a motion to modify his sentences. The Commonwealth maintains that because appellant's sentence is within the statutory limits and not violative of any specific statutory provision, it would be unjust and inefficient to reward appellant for his failure "to bring [the] alleged error to the attention of the trial judge." Commonwealth's brief at 5.

In *Commonwealth v. Walker*, 468 Pa. 323, 362 A.2d 227 (1976), our Supreme Court refused to find waiver when appellant alleged that his sentences were duplicitous and violated the double jeopardy clause of the United States Constitution. U.S. Const. amend. V. The Court held that

it is beyond the power of a court imposing sentence to impose multiple sentences on a defendant for a single act; those sentences are unlawful.... The lawfulness of those sentences must be viewed together, where, as here, the facts set out in the indictment make out but a single act upon which the charges in the indictment rest.

*Id.*, 468 Pa. at 330 n. 3, 362 A.2d at 230 n. 3 (citations omitted);[6] *Commonwealth v. Sparrow*, 471 Pa. 490, 501–502 n. 7, 370 A.2d 712, 718 n. 7 (1977). Similarly, in

---

**5.** Appellant does not challenge the sufficiency of the evidence to support his convictions.

**6.** Although *Commonwealth v. Walker, supra,* was overruled in part by *Commonwealth v. Frisbie,* 506 Pa. 461, 485 A.2d 1098 (1984), *Frisbie* does not alter the portion of *Walker* that we address today: whether a claim that convictions merge for sentencing can be waived.

*Commonwealth v. Norris,* 498 Pa. 308, 319, 446 A.2d 246, 251 (1982), the Commonwealth's claim of waiver was rejected by the Supreme Court when appellant raised a double jeopardy claim identical to the one advanced in *Walker.* The Court observed that since appellant challenged only the legality of the sentences, and not the validity of the convictions, his claim had not been waived.

In arguing that appellant has waived his merger claim, the Commonwealth relies in part on *Commonwealth v. McCabe,* 242 Pa.Super. 413, 364 A.2d 338 (1976), *aff'd per curiam,* 479 Pa. 273, 388 A.2d 323 (1978) in which this Court distinguished *Walker* and concluded that appellant had waived his merger claim. The majority in *McCabe* distinguished *Walker* on two grounds: in *Walker* the defendant raised the merger claim on direct appeal whereas the defendant in *McCabe* raised the claim only after he had exhausted his right of direct appeal; also, in *Walker* it was clear that the indictment charging the defendant set forth only one act upon which the multiple charges were based, while in *McCabe,* it was not clear from the indictments that the charges were based upon a single act. In *McCabe,* the indictments charged the defendant with crimes committed " 'on (or about) July 19, 1972.' " *Id.,* 242 Pa.Superior Ct. at 417, 364 A.2d at 340. A Bill of Particulars, requested by the defendant, did not clarify whether the charges were a result of one criminal act or several. The Court declined to look beyond the indictments to resolve the merger issue and concluded:

> Under these circumstances, a complete review of the trial testimony would be necessary to determine whether appellant's conviction for assault with intent to maim and assault with intent to kill were founded upon several criminal acts committed at different times or upon solely one act.
>
> We are reluctant to again consider the totality of evidence introduced against appellant in this case. When the indictments do not indicate that the sentences imposed were based on one act or several acts, we cannot

say that the sentences were unlawful on their face. Consequently, we hold that appellant has waived his double punishment claim.

*Id.*

In *Commonwealth v. Tolassi*, 303 Pa.Super. 177, 449 A.2d 636 (1982) this Court discussed the distinction made in *McCabe* and enunciated the requirement that in order to avoid a claim of waiver, the alleged illegality of the sentence must somehow appear "on the face of the record." *Id.*, 303 Pa.Superior Ct. at 181, 449 A.2d at 638. However, *Tolassi* did not involve the merger of sentences; therefore, its statement that an illegal sentence must appear on the face of the record in order to avoid a holding of waiver is dictum. Also, in *Commonwealth v. Kull*, 267 Pa.Super. 55, 405 A.2d 1300 (1979) (per curiam) this Court found the merger claim had been waived, but then proceeded to address the claim on its merits.

In contrast to *McCabe*, this Court has refused to find waiver where the underlying facts indicated that the sentences merged; in so doing we did not limit our review to the information or indictment but instead cited *Walker* for the proposition that imposing multiple sentences is beyond the power of the sentencing court. *See Commonwealth v. Franklin*, 306 Pa.Super. 422, 430 n. 4, 452 A.2d 797, 801 n. 4 (1982); *Commonwealth v. Moore*, 300 Pa.Super. 488, 493 n. *, 446 A.2d 960, 963 n. * (1982); *Commonwealth v. Crocker*, 280 Pa.Super. 470, 474 n. 2, 421 A.2d 818, 820 n. 2 (1980).[7]

7. This Court also declined to find waiver of a merger claim in *Commonwealth v. Neidig*, 340 Pa.Super. 217, 489 A.2d 921 (1985); *Commonwealth v. Zaengle*, 332 Pa.Super. 137, 480 A.2d 1224 (1984); *Commonwealth v. Vazquez*, 328 Pa.Super. 86, 476 A.2d 466 (1984); *Commonwealth v. Newman*, 323 Pa.Super. 394, 470 A.2d 976 (1984); *Commonwealth v. Ford*, 315 Pa.Super. 281, 461 A.2d 1281 (1983); *Commonwealth v. Casella*, 312 Pa.Super. 375, 458 A.2d 1007 (1983); *Commonwealth v. Dieterly*, 294 Pa.Super. 25, 439 A.2d 732 (1981); *Commonwealth v. Welch*, 291 Pa.Super. 1, 435 A.2d 189 (1981); *Commonwealth v. Schilling*, 288 Pa.Super. 359, 431 A.2d 1088 (1981); *Commonwealth v. Boerner*, 281 Pa.Super. 505, 422 A.2d 583 (1980); *Commonwealth v. Brazzle*, 272 Pa.Super. 438, 416 A.2d 536 (1979); *Commonwealth v. Lawton*, 272 Pa.Super. 40, 414 A.2d 658 (1979);

In the present case, the informations charge that the acts were committed on or about April 27, 1981 in Philadelphia County. The theft and receiving information list the owner or custodian of the property and describe the property as an automobile. The unauthorized use information lists the same owner. As in *Commonwealth v. McCabe, supra,* it is unclear whether the convictions were "founded upon several criminal acts committed at different times or upon solely one act." *Id.,* 242 Pa.Super., at 417, 364 A.2d at 340. Thus, if we are to be bound by the rationale in *McCabe,* it would lead us to conclude that appellant has waived his merger claim.

After a careful review of *Commonwealth v. Walker, supra,* we are satisfied that it does not compel us to limit our review of the record to the information or indictment in determining whether a merger claim has been waived. In *Walker* the Supreme Court noted: "The lawfulness of those sentences must be viewed together, where, as here, the facts set out in the indictment make out but a single act upon which the charges in the indictment rest." *Id.,* 468 Pa., at 330 n. 3, 362 A.2d at 230 n. 3. However, we do not interpret this language as mandating that our review must be limited to the information or indictment; nor do we read it as limiting the clear holding in *Walker* that a merger claim is tantamount to a claim that the sentence is unlawful and, as such, cannot be waived. Instead, we interpret the language as making reference only to the case that was then before the Supreme Court. We agree with Judge Hoffman's dissenting opinion in *McCabe:* "I recognize that the waiver doctrine is grounded in notions of judicial economy, and that review of the record does require additional judicial effort. However, I find no support in *Walker* for the Majority's distinction. In addition, the Majority cites no cases in support of its proposition—there are none." *Id.,*

*Commonwealth v. Reidenbaugh,* 266 Pa.Super. 315, 404 A.2d 697 (1978); *Commonwealth v. Turner,* 265 Pa.Super. 486, 402 A.2d 542 (1979); *Commonwealth v. Belgrave,* 258 Pa.Super. 40, 391 A.2d 662 (1978); *Commonwealth v. Guenzer,* 255 Pa.Super. 587, 389 A.2d 133 (1978).

242 Pa.Super., at 420, 364 A.2d at 342. We disapprove the language in *McCabe* which limits appellate review of a sentencing merger claim to either the indictment or information.

The question of the legality of multiple sentences, based on a claim that the convictions should have merged for sentencing, is not waived by the failure to raise it in the trial court. This is because multiple sentences for a single criminal act are unlawful and are beyond the power of the trial court. *Commonwealth v. Walker, supra.* We hold that a merger of sentencing claim may be raised for the first time on appeal or in a collateral proceeding [8] and that, when so raised, it is incumbent upon this Court to review the entire record, as certified to us, to ascertain whether the convictions merge for sentencing. This Court will not limit itself to the information or indictment in resolving the issue. To the extent that *Commonwealth v. McCabe, supra,* and cases which follow *McCabe* hold otherwise, they are overruled.

## II.

Having found that appellant has not waived his merger claim by raising it for the first time on appeal, we now turn to the merits of the claim. Appellant argues that his unauthorized use of the same automobile which he had stolen earlier comprised one criminal act and, consequently, only one sentence could lawfully be imposed. Appellant requests that we either vacate his sentence for the lesser

---

**8.** While *Commonwealth v. McCabe, supra,* also distinguished *Walker* on the basis that the defendant in *Walker* raised his claim on direct appeal, we do not find this distinction valid. *See Commonwealth v. Thomas,* 335 Pa.Super. 323, 484 A.2d 155 (1984) (merger addressed in appeal from denial of PCHA petition despite failure to raise issue on direct appeal); *Commonwealth v. Padden,* 335 Pa.Super. 51, 483 A.2d 950 (1984) (merger addressed in appeal from denial of petition to vacate sentence following direct appeal in which merger was not considered); *Commonwealth v. Sayko,* 333 Pa.Super. 265, 482 A.2d 559 (1984) (merger of sentencing claim addressed on merits after appellant's failure to raise issue on direct appeal); *Commonwealth v. Mitchell,* 319 Pa.Super. 170, 465 A.2d 1284 (1983) (merger issue addressed for first time in PCHA petition).

offense of unauthorized use or vacate the sentence and remand for resentencing in accordance with the law.

The Commonwealth argues that appellant's convictions do not merge because the Crimes Code, as adopted by the Legislature, strongly favors separate sentences for distinct statutory violations; the fact that appellant's crimes arose out of a single transaction does not by itself require merger.

By arguing that he can be punished only once for a single criminal act, appellant raises the doctrine of common law merger. Common law merger requires us to consider whether, as a practical matter, appellant committed a single criminal act. *Commonwealth v. Williams,* 344 Pa.Super. 108, 496 A.2d 31 (1985). Instead of looking solely to the elements of the offenses charged, the court must look to the underlying facts. Also, an examination of the statutes under which appellant has been convicted is essential. It is important to determine whether the facts reveal that the offenses charged caused more than one injury to the Commonwealth. *Id.,* 344 Pa.Superior Ct. at 125, 496 A.2d at 40. In doing so, we must attempt to ascertain the legislative intent.

A punishment, even if it constitutes a duplicitous punishment, is not illegal if the legislature has authorized it. The only principle that can therefore justify the merger doctrine is that, just like the Double Jeopardy Clause, it provides a rule of statutory construction for determining what the legislature intended.

*Id.,* 344 Pa.Superior Ct. at 126, 496 A.2d at 41. If the defendant's criminal act caused more than one injury to the Commonwealth, the crimes do not merge. "In order to find that separate statutory offenses merge, we must therefore determine not only that the crimes arose out of the same criminal act, transaction, or episode, but also that the statutes defining the crimes charged were directed to substantially the same harm or evil." *Id.,* 344 Pa.Superior Ct. at 127, 496 A.2d at 41–42.

Because an analysis of the facts surrounding appellant's convictions is crucial to determining whether the convictions merge, we briefly recite them. On April 27, 1981, at approximately 2:30 p.m., Officer Ryan of the Philadelphia Police Department observed an automobile proceeding just ahead of him on North 15th Street in Philadelphia. The automobile, driven by appellant, was weaving from the left to the right side of the street in a reckless manner. Officer Ryan signaled appellant to stop by turning on his dome light; instead, appellant accelerated and a chase ensued during which appellant passed through a school crossing, causing several children to jump in order to avoid being struck. Appellant's automobile also crossed a sidewalk and ran over a motorcycle helmet before he was stopped at a roadblock that had been set up in response to Officer Ryan's call for assistance.

Appellant, two other males, and a female were in the automobile when it was stopped. Upon being questioned by Officer Ryan, appellant stated that he did not know who owned the automobile, but that he had recently obtained it from one of the occupants of the automobile, a Michael Bredell. An examination of the automobile's interior revealed that the ignition had been forcibly removed. Appellant did not possess a driver's license.

The victim had parked her automobile on a Philadelphia street at 7:30 a.m. on April 27 and discovered it missing when she returned later that same day at 2:30 p.m. She subsequently identified the automobile appellant had been seen operating as her own. Appellant testified at trial that his girlfriend's brother, Michael Bredell, had invited him to drive the automobile; it was only after having driven the automobile momentarily that Officer Ryan had signaled him to stop.

As we noted previously, our first task is to determine whether appellant's convictions arose out of the same criminal act, transaction or episode. Appellant's uncontradicted testimony established that he came in contact with the automobile only moments before Officer Ryan sighted ap-

pellant operating it. Because appellant's receipt and operation of the automobile occurred close in time, and without interruption, they appear to constitute the same criminal act. *See Commonwealth v. Campana,* 452 Pa. 233, 248, 304 A.2d 432, 439, *vacated and remanded,* 414 U.S. 808, 94 S.Ct. 73, 38 L.Ed.2d 44 (1973), *on remand,* 455 Pa. 622, 314 A.2d 854, *cert. denied,* 417 U.S. 969, 94 S.Ct. 3172, 41 L.Ed.2d 1139 (1974) (quoting definition of same criminal episode from Commentary to ABA Project on Minimum Standards for Criminal Justice, Standards Relating to Joinder and Severance § 1.3(a) (Approved Draft, 1968): "an occurrence or connected series of occurrences and developments which may be viewed as distinctive and apart although part of a larger or more comprehensive series."); *Commonwealth v. Green,* 232 Pa.Super. 134, 335 A.2d 493 (1975).

A determination that appellant's convictions arose out of a single criminal act does not, however, end our inquiry. "[S]eparate punishments may be imposed for a single, indivisible act where the act includes conduct proscribed by separate statutes each of which seeks to prevent a substantially different harm or evil." *Commonwealth v. Williams, supra,* 344 Pa.Superior Ct. at 143, 496 A.2d at 50. We, therefore, must determine how many injuries the Commonwealth sustained as a result of appellant's criminal act in order to determine whether the convictions merge. In performing this task we "devote close attention to the language the Legislature has used and the scheme it has followed in defining offenses in the Crimes Code and other penal statutes." *Id.,* 344 Pa.Superior Ct. at 143, 496 A.2d at 50.

The offense of unauthorized use of an automobile is committed when the defendant "operates the automobile ... of another without consent of the owner." 18 Pa.Cons. Stat. § 3928(a). A theft by unlawful taking or disposition occurs when the defendant "unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof." 18 Pa.Cons.Stat. § 3921(a).

Finally, 18 Pa.Cons.Stat. § 3925(a) defines receiving stolen property in the following manner:

A person is guilty of theft if he intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the property is received, retained, or disposed with intent to restore it to the owner.

The above offenses are contained in Chapter 39 of the Crimes Code which is entitled "Theft and Related Offenses." Section 3902 of that chapter, entitled "Consolidation of theft offenses," provides, *inter alia,* that "[c]onduct denominated theft in this Chapter constitutes a single offense." The offense of unauthorized use is not denominated as such.

By enacting the unauthorized use statute, the Legislature sought to protect the Commonwealth from harm as a result of the defendant's operation of an automobile without the owner's consent. The requirement that the defendant must *operate* the automobile is an indication of the Legislature's intent to protect an interest different than the one sought to be protected by the theft statutes. In *Commonwealth v. Hogan,* 321 Pa.Super. 309, 313, 468 A.2d 493, 495 (1983) this Court noted that the unauthorized use statute

was derived from Section 223.9 of the Model Penal Code and was intended to meet a '... need for a nonfelony sanction against the *disturbing and dangerous practice of driving off a motor vehicle* belonging to another. Such *joyriding jeopardizes the vehicle itself,* a considerable amount of temptingly mobile property, *and,* since the circumstances are conducive to irresponsible behavior in the operation of the vehicle, *jeopardizes the lives of the riders and others.'* American Law Institute, Model Penal Code and Commentaries (Official Draft and Revised Comments, 1980) § 223.9, Comment 1, p. 271. [Emphasis supplied.]

Thus, in prohibiting the unauthorized operation of a motor vehicle, the Commonwealth sought, *inter alia,* to protect

from harm those individuals the defendant might come in contact with during the operation of the vehicle. This concern is distinct from the one sought to be protected by the theft statutes which is, primarily, the property rights of owners of personal property.

Not only do the statutes protect the Commonwealth from different harms, they also contain different elements. This is another consideration in determining whether the offenses merge. In *Commonwealth v. Robinson,* 317 Pa.Super. 135, 463 A.2d 1121 (1983) this Court held that unauthorized use did not merge into receiving stolen property for sentencing because each offense required different acts and mental elements. For receiving stolen property, the act is receiving; for unauthorized use, the act is operating an automobile. The mental element for receiving is that the defendant knew the property was stolen. The mental element for unauthorized use requires that the defendant knew that he did not have the owner's consent to operate the vehicle. *Id.,* 317 Pa.Superior Ct. at 138, 463 A.2d at 1123. Thus, the Court concluded that the offenses did not merge. *Contra Commonwealth v. Wilcox,* 310 Pa.Super. 331, 456 A.2d 637 (1983) (unauthorized use was necessarily an integral part of receiving stolen property and the two should have merged for sentencing).

In *Commonwealth v. Pemberth,* 339 Pa.Super. 428, 489 A.2d 235 (1985) this Court held that because neither theft nor receiving stolen property involve the same conduct proscribed by the unauthorized use of a motor vehicle statute, unauthorized use is not a lesser-included offense of the theft charges. The Court observed that a person could steal an automobile without operating it. "A person could push a car, tow the car or receive possession of a previously stolen car, and then exercise control over that car." *Id.,* 339 Pa.Superior Ct. at 431, 489 A.2d at 236.

■ We conclude that the unauthorized use statute does not merge into either the theft or receiving statute because (1) the statutes serve to protect the Commonwealth from different harms and (2) the statutes require proof of differ-

ent elements. To the extent that *Commonwealth v. Wilcox, supra,* holds otherwise, it is overruled. Therefore, appellant's convictions do not merge for sentencing and those sentences are affirmed.

Judgments of Sentence affirmed.

BROSKY, J., files a concurring opinion.

WIEAND, J., files a concurring opinion in which CAVANAUGH, and McEWEN, JJ., join.

DEL SOLE, J., files a concurring and dissenting statement.

SPAETH, Former President Judge, did not participate in the final decision of this case.

BROSKY, Judge, concurring:

I join in the well-reasoned opinion of the majority except as to the issue of whether the crimes of theft and unauthorized use of an automobile merged for sentencing purposes in this case. Although I agree with the majority that they did merge, my analysis differs somewhat from that of the majority.

I disagree with the majority's analysis to the extent that it suggests that crimes which occur in the same criminal episode constitute the same criminal act and thus must be subject to an analysis of how many injuries the Commonwealth has suffered. Although, the majority cites *Commonwealth v. Campana,* 455 Pa. 233, 304 A.2d 432, *vacated and remanded,* 414 U.S. 808, 94 S.Ct. 73, 38 L.Ed.2d 44 (1973), *on remand,* 455 Pa. 622, 314 A.2d 854, *cert denied,* 417 U.S. 969, 94 S.Ct. 3172, 41 L.Ed.2d 1139 (1974), *Campana* merely stands for the proposition that all charges arising from a single criminal episode must be prosecuted in a single proceeding.

While I certainly agree that the theft and the unauthorized use occurred in the same criminal episode in this case, the next question to be answered, as noted by Judge Wieand in his Concurring Opinion, is whether the act of

operating the vehicle is also the act of unlawfully taking the vehicle. If it is not, then the two criminal acts are merely successive steps in the same transaction which do not merge unless they necessarily involve one another. See *Commonwealth v. Williams*, 344 Pa.Super. 108, 122, 496 A.2d 31, 45 (1985) (en banc). If, however, the act of operating the vehicle is also the act of unlawfully taking the vehicle, then the crimes charged grow out of a single act and the question of merger depends upon an analysis of how many injuries the Commonwealth sustained as a result of that single act.

I believe the record indicates that, here, the act of theft was also the act of operating the vehicle. I agree with the majority that this single act resulted in two harms to the Commonwealth. Therefore, I also agree with the majority that these crimes do not merge for sentencing purposes.

WIEAND, Judge, concurring:

I agree with the majority that the judgments of sentence should be affirmed; and, therefore, I concur in the result.

In recent years, there have not been many issues which have received from this Court a more uneven treatment than claims that offenses have merged for purposes of sentencing. It was in recognition of this and in an effort to bring uniformity and predictability to this substantive area of the criminal law that a court en banc considered the merger of offenses in *Commonwealth v. Williams*, 344 Pa.Super. 108, 496 A.2d 31 (1985). The court there traced the history of the doctrine of merger, as well as the several standards applied by the decided cases, and adopted a rule to be followed in the future.

In the instant case, a majority of the court, in my judgment, has again increased the potential for uneven treatment of the merger of offenses. It has done so by holding that separate sentences for merged offenses cannot be waived. The effect of its holding, although the majority does not acknowledge it, is to encourage, if not compel, a reviewing court to decide merger issues sua sponte, without

benefit of argument by counsel and without prior considera-
tion by the sentencing court. The issue of merger of
offenses for sentencing purposes is frequently a difficult
issue. Sometimes it can be determined by examining the
face of the record. In other instances, a determination can
be made only after a full and complete review and analysis
of the facts proved at trial. In the latter situation, I am
persuaded that uniformity in the procedural and substantive
law, as well as judicial economy, will better be served by
requiring the merger issue to be raised in the first instance
in the sentencing court.

I would adopt and follow the analysis laid out by Judge
(now President Judge) Spaeth in *Commonwealth v. Tolassi,*
303 Pa.Super. 177, 181, 449 A.2d 636, 638 (1982), as follows:

> Typically, the sort of defect that is not subject to
> waiver—which is what is really meant by saying that a
> sentence is "illegal"—will appear on the face of the
> record and will go to the power of the court to impose
> sentence. Thus the sentence may be outside the statu-
> tory limits for the crime of which the defendant was
> convicted. *Commonwealth v. Brunner,* 243 Pa.Superior
> Ct. 55, 364 A.2d 446 (1976). Or it may appear that there
> was no finding of guilt to support the sentence. *Com-
> monwealth v. Paige,* 287 Pa.Superior Ct. 133, 429 A.2d
> 1135 (1981).... Sometimes the claim is that convictions
> of two separate crimes should merge for sentencing be-
> cause there was only one criminal act. In such a case,
> whether the sentence is illegal depends on whether it is
> clear from the [information] that there was only one
> criminal act, in which case the defect is apparent on the
> face of the record and the sentence is illegal. *Common-
> wealth v. Walker, supra.* If it can not be determined
> from the [information] whether there was only one crimi-
> nal act, the defect is not apparent and the claim that the
> sentence was improper is subject to waiver. *Common-
> wealth v. McCabe,* 242 Pa.Superior Ct. 413, 364 A.2d 338
> (1976), *aff'd per curiam,* 479 Pa. 273, 388 A.2d 323 (1978).

One who is a thief, whether because he has unlawfully taken or because he has dishonestly received a stolen automobile, commits a separate and additional offense every time he operates the vehicle without the owner's consent. It is factually possible, however, that there may be only one criminal act, as where the act of operating the vehicle is also the act of unlawfully taking or receiving the vehicle. For the majority to determine in this case whether the several convictions merged has necessarily required a review and analysis of the facts established by the evidence. This, as the majority has conceded, "is crucial to determining whether the convictions merge." (At p. 64).

An issue whose determination requires an evidentiary review and determination of the facts should not be raised for the first time on appeal. Similarly, a reviewing court should not be expected to conduct an evidentiary review sua sponte in such cases. In cases of this type, rather, the issue should be raised for the first time in the trial court. Where a review of the evidence is essential to determine whether there has been only one criminal act for sentencing purposes, that determination should be made in the first instance by the court which is responsible for imposing sentence.

If, in imposing sentence, the sentencing court commits an error, a petition to reconsider and/or modify the sentence will enable the court to correct its own error before an appeal is filed. Pa.R.Crim.P. 1410 "establishes that a petition to modify is a preliminary step in the sentence review process. Its purpose is to give the sentencing court an opportunity to reconsider the sentence and correct any mistakes which may have been made. It also makes appellate review more meaningful." *Commonwealth v. Anderson*, 304 Pa.Super. 476, 482, 450 A.2d 1011, 1014 (1982).

These same considerations are applicable to claims that two or more convictions merge for sentencing purposes where a careful review of the evidence is necessary to determine whether there was only one criminal act. If such claims are not raised in the sentencing court, they have

been waived, and they should not be considered for the first time on appeal. By adhering to this procedure we make the appellate process more meaningful, our task of review less onerous, and the results more predictable. Why should an appellate court, it may be asked, undertake sua sponte to decide difficult merger issues without input by either counsel or the sentencing court?

Moreover, I am unable to comprehend any good reason for refusing to allow a criminal defendant to effect a knowing waiver of a merger issue if he chooses to do so. If two convictions merge for sentencing purposes, the decisions clearly hold that only one sentence may be imposed. If the sentencing court erroneously imposes *concurrent* sentences on both convictions, however, a defendant may well elect to waive the defect for, in any event, the time which he will be required to serve is the same as if only one sentence had been imposed. The appellate victory which he may be able to achieve under such circumstances may not be worth the cost. Having made a knowing, affirmative waiver of the issue, however, neither he nor an appellate court should be allowed to revive the issue at a later date.

The sentences imposed in this case were concurrent. The sentence for unauthorized use of a vehicle was for not less than 11½ nor more than 23 months in prison. The sentence for theft was probation for a period of five years. Appellant did not file a motion to modify the sentence as required by Rule 1410. The issue of the merger of the convictions for sentencing purposes was not at any time raised before the court which imposed sentence. I would hold, therefore, that the issue has been waived. I would not permit appellant to raise the issue for the first time on appeal. To hold otherwise, as the majority does, is to weaken the salutary effect of Rule 1410.

CAVANAUGH and McEWEN, JJ, join.

DEL SOLE, Judge, concurring and dissenting:

While I join that portion of the Majority Opinion authored by my colleague, Judge Rowley, that a defendant's claim of

74

convictions merging for sentencing purposes is not waived by failing to raise the issue in the trial court, I cannot join, and therefore respectfully dissent from that portion of the opinion that fails to find a merger from the facts in this case.