J-S76010-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CLINTON D. OXFORD | : | |
| | : | No. 1349 EDA 2017 |
| Appellant | : | |

Appeal from the PCRA Order March 20, 2017
In the Court of Common Pleas of Northampton County
Criminal Division at No(s): CP-48-CR-0001602-2014

BEFORE: PANELLA, J., STABILE, J., and PLATT*, J.

MEMORANDUM BY PANELLA, J.                    **FILED APRIL 11, 2018**

Clinton Oxford appeals from the order dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA"). He contends his trial counsel was ineffective and he received an illegal sentence. Neither argument merits relief, and we affirm.

The Commonwealth charged Oxford with two counts of terroristic threats, one count of stalking, and one count of harassment based upon his behavior towards his probation officer. Specifically, he was charged with sending multiple threatening e-mails and appearing at the home where he believed she lived. The jury convicted him on all counts.

_____

* Retired Senior Judge assigned to the Superior Court.

During the jury trial, the trial court repeatedly admonished Oxford's counsel on his unprofessional demeanor, failure to follow instructions following a ruling, and argumentative questioning of the victim. Most of these admonishments occurred outside the presence of the jury.

However, trial counsel's conduct culminated in a confrontation at the conclusion of his closing argument. In a side-bar, the trial court indicated its displeasure at trial counsel's failure to abide by a prior evidentiary ruling in his closing argument:

> THE COURT: And I could not have been more clear that you were not to argue the existence of a manual. It is – that's not in evidence and we have no idea if it exists. They're getting a curative instruction about that part of your closing. If you choose to disregard my instructions over and over, then you leave me no choice.
>
> …
>
> Ladies and gentlemen of the jury, you're instructed to completely disregard any mention of an employee manual that defense counsel made in his closing arguments.
>
> Defense counsel was specifically instructed by the [c]ourt in the robing room not to make any mention of an employee manual. That is not in evidence and that we have no knowledge of it even existing. He chose to willfully disregard my instruction.
>
> So I am instructing you to completely disregard any mention of the existence or nonexistence of an employee manual pursuant to his closing argument. Give it no consideration whatsoever.
>
> Also, do not hold it against the defendant, Clinton Oxford, that his counsel chose to disregard the instructions of the [c]ourt.

N.T., Jury Trial, 9/11/14, at 48-49.

In his counseled, amended PCRA petition, Oxford asserted counsel's behavior at trial constituted ineffective assistance of counsel.

We start by determining whether the PCRA court's factual findings are supported by the record. *See Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012). In doing so, we read the record in the light most favorable to the prevailing party. *See id*. If this review reveals support for the PCRA court's credibility determinations and other factual findings, we may not disturb them. *See id*. *See also Commonwealth v. Santiago*, 855 A.2d 682, 694 (Pa. 2004). We, however, "afford no such deference to its legal conclusions." *Ford*, 44 A.3d at 1194 (citations omitted).

Oxford's argument is a claim of trial counsel's ineffectiveness. We assume counsel's effectiveness and Oxford bore the burden of proving otherwise. *See Commonwealth v. Brown*, 161 A.3d 960, 965 (Pa. Super. 2017). To do so, Oxford was required to plead and prove the underlying issue has arguable merit, counsel acted pursuant to an objectively reasonable strategy, and actual prejudice resulted from counsel's act or failure to act. *See Commonwealth v. Rykard*, 55 A.3d 1177, 1189-1190 (Pa. Super. 2012). A failure to satisfy any prong of the test will require rejection of the entire claim. *See Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014).

The PCRA court found Oxford had failed to establish he was prejudiced by trial counsel's behavior. "Prejudice is established if there is a reasonable probability that, but for counsel's errors, the result of the proceedings would

have been different. A reasonable probability is probability sufficient to undermine confidence in the outcome." *Commonwealth v. Stewart*, 84 A.3d 701, 707 (Pa. Super. 2013) (*en banc*) (citations and internal quotation marks omitted).

Oxford contends the PCRA court's focus in evaluating prejudice was too narrow. Specifically, he asserts the court failed to consider "the probable effect of [trial counsel's] conduct on the jury throughout the course of the entire trial." Appellant's Brief, at 14. He does not elaborate what he believes the probable effect was. Presumably, he is arguing counsel's conduct biased the jury when it evaluated the veracity of the Commonwealth's evidence.

After reviewing the entirety of the transcript, we conclude Oxford cannot establish a reasonable probability that the outcome of his trial would have been different absent counsel's conduct. The Commonwealth presented a plethora of bizarre e-mails Oxford sent to the victim. *See* N.T., Jury Trial, 9/10/14, at 39, 60, 70-73, 83, 131, 133-134. These e-mails variously professed Oxford's love for the victim, his desire to end "society as we know it," his desire to harm those who stood in his way, and the fact that he had been at her old home late at night. Furthermore, Oxford was seen peering into a home where the victim's child spent significant time. *See id*., at 101. The victim testified that, given Oxford's violent history, she felt threatened by this conduct. *See id*., at 139, 158, 161.

This overwhelming evidence of Oxford's guilt led to the jury's verdict. Since Oxford has failed to establish a reasonable probability that the verdict would have been different if counsel had acted appropriately, this issue merits no relief on appeal.

Next, Oxford argues his sentence for stalking should have merged with his sentences for terroristic threats. He believes the terroristic threats charges constitute the sole incidents of threatening behavior that form the basis of the stalking charge. He is mistaken.

Oxford is correct in noting this claim presents a challenge to the legality of his sentence. *See Commonwealth v. Quintua*, 56 A.3d 399, 400 (Pa. Super. 2012). The claim is therefore not waived, even though it was raised for the first time in his appellate brief. *See Commonwealth v. Campbell*, 505 A.2d 262 (Pa. Super. 1986) (*en banc*). Merger is appropriate only when two distinct criteria are satisfied: "[(]1) the crimes arise from a single criminal act; and [(]2) all of the statutory elements of one of the offenses are included within the statutory elements of the other." *Commonwealth v. Baldwin*, 985 A.2d 830, 833 (Pa. 2009).

The crime of stalking requires, among other elements, a finding that the defendant engaged in a course of conduct that places the victim in reasonable fear of bodily injury or causes substantial emotional distress to the victim. *See* 18 Pa.C.S.A. § 2709.1(a)(2). In contrast, the crime of terroristic threats does

not require a course of conduct; a single threat is sufficient. ***See*** 18 Pa.C.S.A. § 2706(a)(1).

Here, the two terroristic threats charges are based upon two separate e-mails sent by Oxford to the victim. While these e-mails are part of the basis for the stalking charge, they are far from the only incidents that support the jury's verdict that Oxford engaged in a course of conduct that placed the victim in reasonable fear of bodily injury or caused her substantial emotional distress. A multitude of other weird and menacing e-mails were presented to the jury. Additionally, the Commonwealth presented evidence that Oxford was surveilling the house where he believed the victim lived, and the house where her child lived. Thus, the factual basis for the charge of stalking is based upon criminal acts beyond those necessary to establish the bare elements of the two terroristic threats charges. ***See Commonwealth v. Orie***, 88 A.3d 983, 1020 (Pa. Super. 2014). The charges do not merge.

As we conclude neither of Oxford's issues on appeal merit relief, we affirm the order dismissing his PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/11/18