546 A.2d 1254

**COMMONWEALTH of Pennsylvania**

v.

**Joan D. ZANKOWSKI, Appellant.**

Superior Court of Pennsylvania.

Argued June 28, 1988.

Filed Aug. 24, 1988.

John F. Hooper, III, Pittsburgh, for appellant.

Debra B. Barnisin, Assistant District Attorney, Pittsburgh, for Com., appellee.

Before BROSKY, JOHNSON and MELINSON, JJ.

BROSKY, Judge:

This appeal is taken from the judgment of sentence imposed after a trial *de novo* for violation of 75 Pa.C.S.A. § 3445(a) (meeting or overtaking a school bus).

Appellant's challenge to the sufficiency of the evidence is dual-pronged: First, she alleges that the evidence does not support a finding that the red signal lights viewed from her lane of traffic were activated at the time she passed the school bus; secondly, she argues that the evidence fails to show that her position in the lane of traffic in which she was traveling did not permit her to observe whether the red signal lights of the school bus were flashing as she passed the bus. We affirm.

The factual scenario giving rise to this matter now before us is brief and uncomplicated: Officer Herron of the City of Pittsburgh Police Department testified at the *de novo* proceeding that as he was traveling in the southbound lane of Brownsville Road in Pittsburgh, he first observed a school bus parked on the northbound side of the road signalling front red flashing lights. Only moments later, he saw appellant pass the school bus on the northbound side of the road. The Officer's testimony related that the red signal lights were still flashing when appellant passed the bus without first stopping or slackening her speed.

Appellant, on the other hand, testified that as she headed down the northbound lane of Brownsville Road, her view of the school bus, insofar as her ability to observe any flashing lights thereon, was impeded by a van parked to the rear of the bus. She further testified that she first checked to determine whether the rear signal lights were flashing but, when she did not see any, she drove past the bus, whereupon she was stopped by Officer Herron and charged with the subject violation.

Thus, appellant's argument is two-fold: First, she asserts that the lights on the bus were not activated at all or, alternatively, that the driver chose to activate only the front lights which she could not see. Secondly, she claims that from her vantage point on the road, her view of the bus where the rear signal lights are located was obstructed by a van parked to the rear of the school bus. She contends that the Commonwealth has not succeeded in carrying its burden of proof that the rear signal lights were flashing red and that she passed the school bus while the subject rear lights were activated.

The test employed by the courts of this Commonwealth for determining the sufficiency of the evidence is whether, considering all the evidence admitted at trial and all reasonable inferences derived therefrom, when viewed in the light most favorable to the Commonwealth as the verdict winner, the trier of fact, here the *de novo* court, could have found that each element of the particular offense was supported

by the evidence adduced and the inferences drawn beyond a reasonable doubt. *Commonwealth v. Jackson,* 506 Pa. 469, 485 A.2d 1102 (1984); *Commonwealth v. Brown,* 336 Pa.Super. 628, 486 A.2d 441 (1984). Applying this standard to the facts of the case at bar, we conclude that the evidence adduced here, together with all reasonable inferences flowing therefrom, was sufficient to sustain the Commonwealth's burden of proof beyond a reasonable doubt.

■ Officer Herron testified that he saw the school bus display red flashing lights. On cross-examination, he stated that he did not see any van parked behind the school bus, as asserted by appellant. He admitted that he did not see the rear lights of the bus flashing. Contrary to this testimony, appellant offered that the aforementioned van impeded her view of the rear of the bus and, moreover, that she checked for, but did not see any, red flashing lights from the rear and so proceeded to pass the school bus.

Section 3345(a) of the Motor Vehicle Code, 75 Pa.C.S.A. § 3345(a), provides:

§ 3345. Meeting or overtaking school bus

(a) Duty of approaching driver when red signals are flashing.—Except as provided in subsection (g), the driver of a vehicle meeting or overtaking any school bus stopped on the highway shall stop at least ten feet before reaching the school bus when the red signal lights of the school bus are flashing. The driver shall not proceed until the flashing red signal lights are no longer actuated. In no event shall a driver of a vehicle resume motion of the vehicle until the school children who may have alighted from the school bus have reached a place of safety.

Unfortunately for appellant, the provision of the Motor Vehicle Code here in question does not distinguish between front and rear flashing red lights in order to permit one so charged to negate his/her guilt on the basis that the angle of view impeded observation of any part of the school bus. The language of the statute does not excuse an operator who, as here, approaches the bus from the rear and seeks to escape liability because the rear lights were either inopera-

ble or obstructed from the driver's view, especially in the face of testimony indicating that the front red lights were activated. Section 3345(a) merely requires an operator to *stop* no less than ten feet *before* approaching the school bus when its red signal lights are flashing. Officer Herron observed not only the school bus flashing red lights but also that appellant "fail[ed] to stop or [even] slow [ ] her speed" before she approached the bus (N.T.6) as required by Section 3345(a). This omission on the part of appellant, coupled with the officer's testimony that he saw red flashing lights on the bus, sufficiently evinces appellant's violation of the statute beyond a reasonable doubt.

We reject appellant's argument as sophistical. It belies the language of the statute. Courts cannot engraft meaning onto or supply words to a statute that are unsupported by its tenor. To do otherwise is tantamount to engaging in a judicial rewrite of Section 3345(a). Instead, our state Constitution has delegated the function of legislative drafting to the General Assembly. Any change forthcoming with regard to Section 3345(a) or any other statutory provision constitutionally vests in that body.

Officer Herron testified that he observed red flashing lights at the time when appellant passed the bus; appellant claims that the lights were not operating, or, alternatively, that her vantage point on the roadway made her observation of any flashing lights impossible. What the instant case reduces to, then, is a question of credibility which the *de novo* court, in its role as trier of fact, resolved in favor of the police officer. *See Commonwealth v. Brown, supra.* It is within the sole province of the trier of fact sitting without a jury to pass upon the credibility of witnesses. He/she is free to believe all, part or none of a witness' testimony in determining the weight to be accorded to it. *Commonwealth v. Jackson, supra.* The *de novo* court here believed the testimony of Officer Herron and rejected appellant's testimony. It is also well settled that even the uncorroborated testimony of a prosecution witness may be sufficient to convict despite contrary evidence from

the defense, if the trier of fact, based on the evidence before it, chooses to lend credibility to the former. *Commonwealth v. Wienckowski*, 371 Pa.Super. 153, 537 A.2d 866 (1988); *Commonwealth v. White*, 341 Pa.Super. 261, 491 A.2d 252 (1985). Hence, we perceive no error on the part of the trial court in choosing to lend credibility to the police officer rather than to appellant. We are not permitted to substitute our assessment for that of the factfinder, here the *de novo* court, based upon the record before us. *Commonwealth v. Jackson, supra.* Thus, perceiving no error in the judgment of the *de novo* court, we affirm.

Judgment of sentence affirmed.

MELINSON, J., concurs in the result.