J-A22030-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN THE INTEREST OF: N.J.E., A MINOR<br><br>Appellee<br><br><br><br>APPEAL OF: N.J.E., A MINOR | IN THE SUPERIOR COURT OF PENNSYLVANIA<br><br><br><br><br><br>No. 273 MDA 2016 |

Appeal from the Dispositional Order February 8, 2016
In the Court of Common Pleas of Centre County
Juvenile Division at No(s): CP-14-JV-0000135-2015

BEFORE:  GANTMAN, P.J., PANELLA, J., and JENKINS, J.

MEMORANDUM BY PANELLA, J.                    **FILED NOVEMBER 18, 2016**

Appellant, N.J.E., appeals from the dispositional order entered after he was found delinquent of indecent assault of a minor. N.J.E. contends that the juvenile court erred in admitting evidence of a prior delinquency adjudication and in denying his motion asserting that the minor victim's testimony was tainted. After careful review, we affirm.

While N.J.E. was under supervision pursuant to a consent decree entered on a charge that he had exposed himself to his minor brother, N.J.E. was charged with touching his other minor brother's genitals. At trial, the Commonwealth presented the testimony of the victim and evidence of the circumstances supporting the consent decree. The juvenile court adjudicated N.J.E. delinquent, and subsequently entered a dispositional order placing

N.J.E. in a residential sex offender treatment program. This timely appeal followed.

On appeal, N.J.E. first argues that the juvenile court erred in permitting the Commonwealth to present evidence of the circumstances supporting the consent decree. We will disturb a juvenile court's disposition only upon a showing of a manifest abuse of discretion. *See In re R.D.*, 44 A.3d 657, 664 (Pa. Super. 2012). "The [a]dmission of evidence is within the sound discretion of the trial court and will be reversed only upon a showing that the trial court clearly abused its discretion." *In re F.P.*, 878 A.2d 91, 93 (Pa. Super. 2005) (citation omitted).

N.J.E. contends that the juvenile court erred in admitting evidence that he had previously exposed himself to his minor brother. The juvenile court concluded that this evidence was admissible under the "common plan or scheme" exception. It is impermissible to present evidence at trial of a defendant's prior bad acts or crimes to establish the defendant's criminal character or proclivities. *See Commonwealth v. Hudson*, 955 A.2d 1031, 1034 (Pa. Super. 2008). Such evidence, however, may be admissible "where it is relevant for some other legitimate purpose and not utilized solely to blacken the defendant's character." *Commonwealth v. Russell*, 938 A.2d 1082, 1092 (Pa. Super. 2007) (citation omitted). The Rules of Evidence specifically provide that "[e]vidence of other crimes, wrongs, or acts may be admitted for other purposes, such as proof of motive, opportunity, intent,

preparation, plan, knowledge, identity or absence of mistake or accident." Pa.R.E. 404(b)(2).

In determining whether the common plan exception applies, a trial court must assess the distinctiveness and similarity of the circumstances of the two incidents to determine whether they constitute a "signature." ***Commonwealth v. Tyson***, 119 A.3d 353, 358-359 (Pa.Super. 2015) (citations omitted). Next, the court must assess the lapse of time between the incidents, as a prior bad act that is remote in time may not be probative of a common plan. ***See id***. Finally, the court must determine that the probative value of the prior bad act evidence is not outweighed by the prejudicial impact on the trier of fact. ***See id***.

Here, the current charges and the prior bad act both involved allegations that N.J.E. had indecently assaulted his younger brothers in the family's home. The prior bad act was separated from the current allegations by less than a year. Finally, the juvenile court, as trier of fact, was able to consider the evidence only for its proper purpose, and not be swayed to decide the case on improper grounds. ***See, e.g., Commonwealth v. Harvey***, 526 A.2d 330, 333 (Pa. 1987) (a trial judge is equipped, through training and experience, to assess the competency and relevance of proffered evidence and to disregard that which is prejudicial); **Commonwealth v. Brown**, 486 A.2d 441, 443–44 (Pa. Super. 1984) (a trial judge sitting as fact finder is presumed to ignore prejudicial evidence).

We thus conclude that the juvenile court did not abuse its discretion in admitting evidence of the prior bad acts.

Next, N.J.E. argues that the juvenile court erred in allowing the victim to testify in this case. In particular, N.J.E. contends that the victim was unduly influenced by leading and suggestive questioning by agents of the Commonwealth. N.J.E.'s claim is an argument against the victim's competency to testify. "Our standard of review recognizes that a child's competency to testify is a threshold legal issue that a trial court must decide, and an appellate court will not disturb its determination absent an abuse of discretion. Our scope of review is plenary." *Commonwealth v. Pena*, 31 A.3d 704, 706-707 (Pa. Super. 2011) (citations, quotation marks, brackets, and emphasis omitted).

"In Pennsylvania, the general rule is that every witness is presumed to be competent to be a witness." *Commonwealth v. Judd*, 897 A.2d 1224, 1228 (Pa. Super. 2006) (citation omitted); *see also* Pa.R.E. 601(a). "A party who challenges the competency of a minor witness must prove by clear and convincing evidence that the witness lacks the minimal capacity ... (1) to communicate, (2) to observe an event and accurately recall that observation, and (3) to understand the necessity to speak the truth." *Pena*, 31 A.3d at 707 (internal quotation marks and citations omitted).

N.J.E. specifically challenges the second prong of the above three-part test, what our Supreme Court has called "taint." "Taint speaks to the

second prong ..., the mental capacity to observe the occurrence itself and the capacity of remembering *what it is* that the witness is called upon to testify about." ***Commonwealth v. Delbridge***, 855 A.2d 27, 40 (Pa. 2003) (citation and brackets omitted; emphasis in original).

In ***Delbridge***, the Court stated the following regarding the issue of taint:

> The core belief underlying the theory of taint is that a child's memory is peculiarly susceptible to suggestibility so that when called to testify a child may have difficulty distinguishing fact from fantasy. Taint is the implantation of false memories or the distortion of real memories caused by interview techniques of law enforcement, social service personnel, and other interested adults, that are so unduly suggestive and coercive as to infect the memory of the child, rendering that child incompetent to testify.

***Id***., at 34-35 (internal citations omitted). The Court also explained the effect of taint on the testimonial capacity of immature witnesses:

> The capacity of young children to testify has always been a concern as their immaturity can impact their ability to meet the minimal legal requirements of competency. Common experience informs us that children are, by their very essence, fanciful creatures who have difficulty distinguishing fantasy from reality; who when asked a question want to give the "right" answer, the answer that pleases the interrogator; who are subject to repeat ideas placed in their heads by others; and who have limited capacity for accurate memory.
>
> A competency hearing concerns itself with the minimal capacity of the witness to communicate, to observe an event and accurately recall that observation, and to understand the necessity to speak the truth. A competency hearing is not concerned with credibility. Credibility involves an assessment of whether or not what the witness says is true; this is a question for the fact finder. An allegation that the witness's memory of the event has been tainted raises a red flag regarding

competency, not credibility. Where it can be demonstrated that a witness's memory has been affected so that their recall of events may not be dependable, Pennsylvania law charges the trial court with the responsibility to investigate the legitimacy of such an allegation.

*Id*., at 39-40 (internal citations omitted).

Here, the juvenile court reviewed the video of the victim's interview with a forensic child abuse specialist, and heard the victim's testimony in court. It concluded that while the victim demonstrated typical immature behaviors in reaction to a formal, unfamiliar atmosphere, his testimony regarding the incident was intelligible and consistent. Furthermore, the juvenile court found that the questioning utilized by the Assistant District Attorney and the forensic specialist was not unduly suggestive.

Initially, we note that we are unable to review the interview with the forensic specialist. The DVD included in the certified record is unplayable. Furthermore, there is no transcript of the interview in the certified record. "It is the obligation of the appellant to make sure that the record forwarded to an appellate court contains those documents necessary to allow a complete and judicious assessment of the issues raised on appeal." *Everett Cash Mutual Insurance Company v. T.H.E. Insurance Company*, 804 A.2d 31, 34 (Pa. Super. 2002) (quoting *Hrinkevich v. Hrinkevich*, 676 A.2d 237, 240 (Pa. Super. 1996)). We have no capability to review N.J.E.'s claims regarding the interview with the forensic specialist, and therefore that claim is waived.

Regarding the questioning at the delinquency hearing, we have reviewed the transcripts and conclude that the juvenile court did not abuse its discretion. The questioning was not unduly suggestive, and the juvenile court's observations of the victim's testimony are supported by the transcript. N.J.E.'s second claimed error merits no relief on appeal.

Dispositional order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/18/2016